■ In the Matter of RON JOHNSON, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, et al., Appellants. (Proceeding No. 1.) In the Matter of JERRY CLARK et al., Respondents, v EUGENE S. LeFEVRE, as Superintendent of the Clinton Correctional Facility, et al., Appellants. (Proceeding No. 2.) — Appeal, in Proceeding No. 1, from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered December 21, 1979 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of a superintendent's proceeding and directed that all references thereto be expunged from petitioner's records. Appeal, in Proceeding No. 2, from a judgment of the Supreme Court at Special Term (Ford, J.), entered September 12, 1980 in Clinton County, which, inter alia, granted petitioners' applications, in a proceeding pursuant to CPLR article 78, to annul determinations of two superintendent's proceedings and directed that all references thereto be expunged from petitioners' records. The three petitioners in these proceedings were inmates at State correctional facilities, petitioner Johnson at Attica Correctional Facility and petitioners Clark and Taylor at Clinton Correctional Facility, when misbehavior reports were filed against each of them because of their alleged misconduct. Following the conducting of superintendent's proceedings on the various charges, determinations were made imposing certain

measures of discipline against each of the petitioners, and they thereafter successfully sought annulments of the subject determinations on the ground that their respective superintendent's proceedings were not held in a timely manner. We hold that the determinations in question should not be disturbed. In so ruling, we note that a rule of the Department of Correctional Services requires, in the absence of exigent circumstances, that for inmates confined and awaiting a superintendent's proceeding the proceeding must be held within seven days. Documentary evidence in the record of Proceeding No. 1 conclusively establishes the acceptance and adoption of this rule by the Commissioner of the Department of Correctional Services, and even if the rule was never filed in the office of the Department of State or published, it is nonetheless binding on the Department of Correctional Services because it relates to the internal management of the department (see NY Const, art IV, § 8). Under these circumstances, the department must comply with its own rule (cf. *Matter of Rodriguez v Ward,* 64 AD2d 792), and the cases of the individual petitioners should be examined under this standard (see *Powell v Ward,* 542 F2d 101).

### PETITIONER JOHNSON

In this instance, Special Term found that petitioner's superintendent's proceeding was not held for a period of 28 days during which time he was confined in "keeplock". Accordingly, it annulled the determination of the proceeding as untimely and directed the expunging from petitioner's records of all references thereto. It is also uncontested that he pleaded guilty at the subject proceeding, that his disposition was that of time served and he did no additional time as a result of the delay, and that he has since been released from prison. Such being the case, this appeal should be dismissed as moot because no significant issues or other factors are present which warrant preserving this matter for review (cf. *Matter of Rodriguez v Hongisto,* 78 AD2d 921).

### PETITIONER CLARK

Petitioner was admittedly confined for a period of 15 days before his superintendent's proceeding was held and, as exigent circumstances justifying the delay, respondents alleged that his assaultive behavior resulted in injuries, hospitalizations and absences from work for a number of witnesses to the incident and employees at the correctional facility. Significantly, however, Special Term emphasized in its decision that respondents presented no evidentiary support for their allegations, and nothing in the record demonstrates that the alleged circumstances prevented respondents from complying with the seven-day rule as to superintendent's proceedings. Accordingly, the court's annulment of the determination of this proceeding was proper.

### PETITIONER TAYLOR

The superintendent's proceeding in this matter was not conducted until 16 days after petitioner's initial confinement, and Special Term pointedly noted that respondents presented no exigent circumstances to it in justification of the delay in excess of the permissible seven days. That being so, the annulment of the determination of the superintendent's proceeding was proper, and respondents' assertion in their brief on appeal that petitioner's misbehavior had included assaults on employees of the facility certainly does not explain the delay of the proceeding or warrant disturbance of Special Term's ruling. In sum, the Department of Correctional Services has adopted the seven-day rule as to the conducting of superintendent's proceedings, and its lack of compliance therewith will not be excused absent a clear showing that any delays were truly necessary. By complying with the rule, the department can help to

ensure that correctional facilities function in an orderly manner, that needless unrest is avoided, and that the rights of inmates to timely hearings on charges of misbehavior will be protected. Appeal in Proceeding No. 1, dismissed, as moot, without costs. Judgment in Proceeding No. 2, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.