■ In the Matter of FRED PETERSON, Petitioner, and NORMAN ROSS et al., Appellants, v EUGENE S. LEFEVRE, as Superintendent of the Clinton Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered August 19, 1980 in Clinton County, which, *inter alia,* denied the application of petitioners Norman Ross and Richard Schurmann, in a proceeding pursuant to CPLR article 78, to annul the determinations made at their superintendent's proceedings. On September 23, 1979, petitioners Ross and Schurmann, inmates at the Clinton Correctional Facility, received visits in the prison's visiting room. Prison officials had received information from an informant that petitioners might attempt to smuggle drugs into the facility. Accordingly, following their visits, both petitioners were frisked and, as nothing was found, petitioners were placed in "strip cells" under special watch in the prison hospital. On September 24, 1979, petitioner Schurmann surrendered a balloon containing marihuana. A misbehavior report was filed against him on that date. On September 25, 1979, petitioner Ross surrendered four balloons containing marihuana. A misbehavior report was filed against him on that date. On October 3, 1979, individual superintendent's proceedings were held for petitioners, after which determinations were made imposing measures of discipline. Petitioners thereafter sought annulments of the subject determinations on the ground that their respective superintendent's proceedings were not timely held. Special Term denied the applications, and this appeal ensued. This court has recently held that a rule of the Department of Correctional Services requires, absent exigent circumstances, that for inmates confined and awaiting a superintendent's proceeding, the proceeding must be held within seven days (*Matter of Johnson v Smith,* 83 AD2d 721). Lack of compliance with the seven-day rule will not be excused absent a clear showing that any delays were truly necessary (*supra*).

PETITIONER SCHURMANN

Petitioner's superintendent's proceeding was held 10 days after the incident in question. We hold that the short delay here was caused by exigent circum-

stances involved in securing and identifying the evidence which provided the basis for the disciplinary hearing.

### PETITIONER ROSS

On September 4, 1981, petitioner was released from prison. This being the case, the appeal as to petitioner should be dismissed as moot since no significant issues or other factors exist which warrant preserving the matter for review (see *Matter of Johnson v Smith, supra*). Respondents' motion to dismiss the appeal as to this petitioner should, therefore, be granted. Motion to dismiss appeal as to petitioner Ross granted, without costs, and appeal dismissed as moot. Judgment affirmed, without costs. Sweeney, Kane, Casey and Weiss, JJ., concur.

Mahoney, P. J., concurs in part and dissents in part in the following memorandum. Mahoney, P. J. (concurring in part and dissenting in part). While I concur with the majority's disposition of petitioner Ross' case, I disagree with the holding involving petitioner Schurmann. Following the receipt by prison officials of information concerning the possibility that Schurmann smuggled contraband into the prison, Schurmann was placed in a prison hospital under special watch on September 23, 1979. The following day, Schurmann turned the contraband over to prison officials and was placed in keeplock upon his return from the hospital. A misbehavior report was made out September 24 charging Schurmann with attempting to smuggle unauthorized material into the prison and with possession of contraband. Test results were completed on September 25, 1979 which indicated that the contraband was marihuana. Finally, following a superintendent's proceeding on October 3, 1979, Schurmann was found guilty of violating prison rules relating to smuggling unauthorized material and possession of contraband. This chronology of events demonstrates that Schurmann did not receive a superintendent's proceeding within seven days of his confinement (see *Matter of Shadid v Coughlin,* 83 AD2d 8; *Matter of Johnson v Smith,* 83 AD2d 721). The seven-day period did not begin until September 24, on which date Schurmann surrendered his contraband. His superintendent's proceeding, held nine days later on October 3, was untimely unless excused by exigent circumstances (see *supra*). In my view, there were no exigent circumstances shown to have occurred, following Schurmann's confinement in keeplock on September 24, to excuse respondents' failure to comply with the seven-day rule. Schurmann admitted on September 24, that the contraband he gave to prison officials was marihuana, and tests conducted confirmed that fact the next day. Thus, assuming, *arguendo,* that the time needed to conduct tests on the unauthorized substance constituted an exigent circumstance, Schurmann's superintendent's proceeding was still untimely since it was not held until eight days after the completion of the tests. Accordingly, I would reverse that portion of Special Term's judgment which denied Schurmann's petition and annul the determination of his superintendent's proceeding.