OPINION OF THE COURT
D. Bruce Crew, III, J.
Petitioner has commenced this habeas corpus proceeding to test the validity of a parole revocation hearing determined adversely to him and by reason of which he has been recommitted to the Department of Correctional Services.
Respondents by their return and answer contend, inter alia, that habeas corpus is an inappropriate remedy and that petitioner has failed to exhaust his administrative remedies. Neither contention is legally tenable (People ex rel. Van Fosson v Dillon, 72 AD2d 166; People ex rel. Newcomb v Metz, 64 AD2d 219).
Petitioner contends, on information and belief, that the special parole condition that he has been found to have violated was imposed upon him by his Parole Officer without prior consultation and approval by the Senior Parole Officer and further that the Parole Officer did not write a memorandum supporting the need for said condition and make it a part of the folder. That allegation is founded *689 upon a memorandum dated April 10, 1980 and issued by the Division of Parole. Insofar0as is pertinent the memorandum provides:
“c. Imposition of Special Conditions of Release Subsequent to Release.
“After an individual has been released from a state facility, the Parole Officer may impose special conditions after review of the file and discussion with the Senior Parole Officer concerning the case * * *
“If special conditions are imposed by field staff, those conditions are to be the subject of a separate memorandum to the folder, and the rationale for the imposition of those conditions must be a part of that memorandum. The memorandum is to be initialed by the Senior Parole Officer indicating his or her approval of the special conditions imposed.”
Respondents by their return and answer make no reference to the aforesaid allegation by the petitioner. Instead they merely advise in a covering letter that they have not included any reference to the administrative directive since it is merely an internal methodology and would not be deemed a rule or regulation.
The central issue in this proceeding, therefore, is whether the above-mentioned memorandum and the quoted language therefrom constitutes a rule or regulation made by the Division or whether it simply relates to the internal management of the Division. It seems clear to the court that if the memorandum dealt only with the documentation of special conditions imposed upon a releasee it would clearly have only to do with internal management. However, the memorandum is a directive to all division personnel and provides that any special conditions imposed by field staff must be reviewed with the Senior Parole Officer and must be approved by he or she. One obvious reason for such a rule would be to avoid punitive or arbitrary actions on the part of field staff. As such it constitutes a pronouncement delineating field staffs’ powers and formulates a standard of conduct for the future applicable to all field staff which inures to the benefit of releasees (People v Cull, 10 NY2d 123; People v Widelitz, 39 *690 Misc 2d 51). It thus constitutes a rule or regulation which the Division must comply‘with (Matter of Johnson v Smith, 83 AD2d 721).
Counsel for respondents contends that this court should not consider the April 10,1980 memorandum in any event, since petitioner did not raise that issue at the final revocation hearing and has thus waived such objection, citing Matter of Guzman v Coughlin (90 AD2d 666); Collazo v Wilmot (75 AD2d 655); and Matter of Hicks v LeFevre (59 AD2d 423). Those cases all involve procedural matters which might have been rectified by the hearing officer had a timely objection been made. In the case at bar, no curative action could have been undertaken by the hearing officer even if petitioner had raised the present contention. Additionally, a fair reading of CPLR 7009 (subd [c]) does not limit the court to review of the proceedings below, but permits it to examine into the cause of the detention and dispose of the proceeding as justice requires. Thus the statute, rather than limiting the court, grants it very broad discretion in regard to its inquiry (see People ex rel. Vallaro v Travis, 65 NYS2d 684).
Accordingly, the writ is granted and the petitioner is restored to parole.