In the Matter of JAMES ESTADES, Appellant, v THOMAS A. COUGHLIN III, as Commissioner of the Department of Correctional Services, Respondent.

Third Department, May 17, 1984

**APPEARANCES OF COUNSEL**

*Dennis A. Kaufman* for appellant.

*Robert Abrams, Attorney-General* (*Martin A. Hotvet* and *William J. Kogan* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, P. J.

Petitioner was an inmate at Eastern Correctional Facility when, on April 12, 1982, he twice refused orders by correction officers to pack his belongings for a move to another cell. Petitioner was then taken to a "mental obser-

vation cell" and there refused an order to comply with a strip search. He was retained in the mental observation cell until April 21. Formal charges were served on April 23 alleging three counts of refusal to obey a direct order and one count of refusal to comply with frisk procedures. A superintendent's proceeding was commenced on April 25 and concluded on April 26 with a finding of guilty on all counts. Respondent ultimately upheld the finding of guilt and imposed a punishment of 110 days in special housing and the loss of 90 days of good time. Petitioner's application, pursuant to CPLR article 78, to annul respondent's determination was dismissed by Special Term, and this appeal ensued.

Absent exigent circumstances, inmates confined and awaiting a superintendent's proceeding must be given a hearing within seven days (*Matter of Peterson v LeFevre*, 85 AD2d 874; *Matter of Johnson v Smith*, 83 AD2d 721).[1] Petitioner took the position that placement in the mental observation cell constituted confinement for the purpose of the seven-day rule and that no exigent circumstances existed to excuse the failure to comply with the rule. Special Term held that, assuming, *arguendo*, that the mental observation cell constituted confinement, the medical decision to place petitioner there for observation was a sufficient exigent circumstance to excuse the failure to comply with the seven-day rule.

Initially, we hold that placement in the mental observation cell was indeed confinement. This issue is not to be determined by reference to labels such as "special housing", "keeplock" or "mental observation cell", but by examination of the degree of confinement involved. Where an inmate is segregated from the general prison population against his will and his liberty is restricted in a significantly greater manner than that of inmates in the general prison population, such that his location is akin to keeplock or special housing, the inmate must be considered confined for the purpose of the seven-day rule.[2] Any less

---

**1.** These cases held that the seven-day rule, which had been promulgated as a guideline, was binding upon respondent despite the fact that it was not filed with the Secretary of State or published. Respondent has formally promulgated the rule effective June 15, 1983 (7 NYCRR 251-5.1). The formal regulation is not applicable to the instant case since it was not in existence at the time of service of the charges on petitioner.

**2.** Respondent offers, as an analogy, the placement of an inmate with a communicable disease in a prison hospital quarantine cell which, he argues, would not be confine-

stringent interpretation of the word "confinement" would invite avoidance of the seven-day rule by the placement of inmates in cells which, while segregated, are denominated as other than special housing or keeplock. In the instant case, documents in the record describing mental observation classification indicate that inmates in mental observation are restricted from the general prison population and, depending on class, their privileges are severely restricted. Clearly, such classification constitutes confinement for the purpose of the seven-day rule.

Turning to the issue of exigent circumstances, respondent argues that the delay should be excused because of the medical decision to place petitioner in the mental observation cell. We agree that a medical judgment that an inmate must be placed in a mental observation cell and should not participate in a hearing may well constitute an exigent circumstance to excuse the failure to comply with the seven-day rule. However, the record in the instant proceeding fails to disclose that any reasoned medical judgment was made. The only explanation in the record for the placement of petitioner in the mental observation cell is the statement by a correction officer that "because of his attitude at the time, it was deemed necessary by higher authorities than myself". The excuse offered for the failure to provide petitioner with a timely hearing was given by an official of the Department of Correctional Services: "It would be inappropriate to commence a hearing on an inmate whose mental capacity is under review." This evidence fails to adequately set forth exigent circumstances. Since respondent is attempting to excuse the failure to comply with the seven-day rule, he has the burden of coming forward with proof of exigent circumstances. Since the record is devoid of anything approaching a reasoned medical judgment that petitioner had to be placed in a mental observation cell and that uninterrupted placement was needed for a period of time beyond the seven-day time limit, exigent circumstances have not been demonstrated. To hold otherwise would allow avoidance of the seven-day

ment for the purpose of the seven-day rule. In our view, absent consent by the inmate, this would be confinement, though a delay due to confinement would probably be excused on the ground of exigent circumstances.

rule by the simple expedient of claiming that an inmate has a "bad attitude" and placing him in a mental observation cell.

Since the superintendent's proceeding was untimely, and that fact has not been excused by exigent circumstances, respondent's determination must be annulled.

The judgment should be reversed, on the law and the facts, with costs, and the petition granted to the extent that the determination of the superintendent's proceeding is annulled and all references thereto in petitioner's records are to be expunged.

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law and the facts, with costs, and petition granted to the extent that the determination of the superintendent's proceeding is annulled and all references thereto in petitioner's records are to be expunged.