■ In the Matter of CLAUDE NELSON, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Kane, J. P. Appeal from a judgment of the Supreme Court at Special Term (Walsh, Jr., J.), entered September 24, 1984 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of a Superintendent's proceeding finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was restrictively confined for institutional rules violations on January 27, 1984 as a result of an altercation involving an assault upon a correction officer on that date. A Superintendent's proceeding on the charge was commenced on February 7, 1984. On this appeal, petitioner seeks to annul the disciplinary action imposed upon him on the grounds that the Superintendent's proceeding was not commenced within seven days of restrictive confinement (7 NYCRR 251-5.1 [a]).

This rule provides: "Where an inmate is confined pending a disciplinary hearing or superintendent's hearing, the hearing must be commenced as soon as is reasonably practicable following the inmate's initial confinement pending said disciplinary hearing or superintendent's hearing, but, in no event may it be commenced beyond seven days of said confinement without authorization of the commissioner or his designee". Here, the record demonstrates that authorization to extend the hearing was obtained from the Commissioner of Correctional Services' duly authorized designee. As a result of the promulgation of the above rule, effective June 15, 1983, there is no requirement that there be a showing of exigent circumstances to extend the seven-

day limit, as urged by petitioner, only that the hearing be commenced "as soon as is reasonably practicable following the inmate's initial confinement" (see, Matter of Estades v Coughlin, 101 AD2d 299, 300, n 1).

In any event, we agree with Special Term that the evidence submitted was sufficient for it to find that the delay in the hearing emanated from the assault perpetrated by petitioner against the complaining witness (see, Matter of Peterson v Le Fevre, 85 AD2d 874).

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.