OPINION OF THE COURT
Seymour Rotker, J.
Petitioner’s attorney institutes this habeas corpus proceeding to have petitioner released on the ground that the Division of Parole failed to comply with its own procedures concerning imposition of special conditions of parole.
Petitioner was incarcerated pursuant to a judgment of conviction and he was released on parole. He was charged with a violation of parole and on September 30, 1985 a preliminary hearing was held and probable cause was found as to charge No. 1 that petitioner frequented Watson Avenue in The Bronx on September 11, 1985 between 3:30 p.m. and 3:40 p.m. Charge No. 1 is a special condition of parole which states that petitioner will not frequent any of certain drug-prone high crime areas under any circumstances in The Bronx on Morrison Avenue, Watson Avenue, Randall Avenue or other areas as described and discussed by his parole officer.
In a memorandum dated April 10, 1980 the Division of Parole outlined the procedures regarding imposition of special conditions of release. The procedure requires that a field parole officer discuss proposed special conditions with the *489 Senior Parole Officer. The imposition of special conditions should be based upon an assessment of problems relating to petitioner’s previous history and directed toward helping make a satisfactory adjustment under supervision. If the field parole officer imposed special conditions, those conditions are to be the subject of a special memorandum to the folder, and the rationale of the imposition of those conditions must be part of the memorandum. The memorandum is to be initialed by the Senior Parole Officer indicating approval of the special conditions imposed.
Petitioner’s attorney now argues that at the preliminary hearing he objected to consideration of the special condition as a valid condition of parole without a foundation establishing that these conditions had been imposed on petitioner in accordance with Division of Parole procedure. The hearing officer did not permit inquiry on this point.
The Assistant Attorney-General argues that the Division of Parole guidelines do not have the force of law and are not equivalent to rules and regulations adopted by the Board of Parole pursuant to the Executive Law.
In this case, at the preliminary hearing, the parole officer did not indicate that he had sought approval of the special conditions of parole from the Senior Parole Officer. At the preliminary hearing, counsel objected to consideration of the special conditions as a valid condition of parole without a foundation establishing that these conditions had been imposed in accordance with the Division of Parole procedures.
The issue is whether the April 10, 1980 memorandum constitutes a rule or regulation made by the Division of Parole or whether it just relates to the internal management of the Division of Parole. Although the term "rule or regulation” has not been the subject of precise definition, the term embraces "any kind of legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future.” (People v Cull, 10 NY2d 123, 126; see also, Matter of Lehman v Board of Educ., 82 AD2d 832.)
In the case of People ex rel. Thompson v Wilmot (124 Misc 2d 688), the court held that the memorandum of April 10, 1980 is a directive to all Division personnel. The reason for the rule that if special conditions are imposed by a field staff, it must be approved by a Senior Parole Officer, is to avoid punitive or arbitrary action on the part of the field staff. "As such it constitutes a pronouncement delineating field staffs’ *490 powers and formulates a standard of conduct for the future applicable to all field staff which inures to the benefit of releasees (People v Cull, 10 NY2d 123; People v Widelitz, 39 Misc 2d 51). It thus constitutes a rule or regulation which the Division must comply with (Matter of Johnson v Smith, 83 AD2d 721).” (Supra, pp 689-690.)
The court finds that since there was no evidence at the preliminary hearing that the Division of Parole complied with its memorandum dated April 10, 1980, special condition No. 1 is invalid.
Based on the foregoing, the writ and petition are hereby sustained, the warrant is vacated and petitioner is restored to parole status.