■ In the Matter of ROBERT SCHETTINO, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Appellants.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered October 24, 1984 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review the determination of a Superintendent's proceeding finding petitioner guilty of violating certain prison disciplinary rules.

On April 26, 1984, four misbehavior reports were filed against petitioner, an inmate at Clinton Correctional Facility, stemming from a 1:00 A.M., incident where petitioner was disruptive while admittedly under the influence of drugs. Petitioner was placed in the psychiatric observation unit (OBS) until April 27, 1984, when he was placed in keeplock. A Superintendent's proceeding on the charges was commenced on May 4, 1984, but was adjourned upon petitioner's request for an inmate assistant *(see,* 7 NYCRR 251-4.1). At this initial proceeding, the hearing officer noted that the hearing was being commenced beyond the seven-day time limit *(see,* 7 NYCRR 251-5.1 [a]), but explained that an extension had been obtained from the designee of respondent Commissioner of Correctional Services. The proceeding was reconvened on May 7, 1984, at which time petitioner raised an objection as to timeliness. After being found guilty of several of the charges, with the attendant loss of certain institutional privileges, petitioner commenced the instant proceeding seeking to annul the disciplinary action on the ground that a hearing was not commenced within seven days of restrictive confinement. Special Term granted the petition, finding that respondents failed to provide a justifiable reason for any extension beyond the seven-day time limit.

On this appeal, respondents maintain that Special Term applied the wrong standard in reviewing the timeliness issue and consequently erred in its determination. We agree. Paraphrasing the requirements of 7 NYCRR 251-5.1 [a], a Superintendent's proceeding must be held as soon as is reasonably practicable, but in no event more than seven days after

confinement absent authorization from the Commissioner. Upon reviewing this rule, which became effective June 15, 1983, this court recently concluded that a showing of exigent circumstances is no longer required to extend the seven-day limit, but that a hearing must commence " 'as soon as is reasonably practicable' " *(Matter of Nelson v LeFevre,* 111 AD2d 456, 457, quoting *Matter of Estades v Coughlin,* 101 AD2d 299, 300, n 1).

Here, the record confirms that authorization to extend the hearing was obtained from the Commissioner's duly authorized designee. Specifically, on April 27, 1984, a time-extension request was approved requiring the hearing to be held seven days from petitioner's release from OBS, or May 3, 1984. A second extension request was granted on May 2, 1984, rescheduling the hearing for May 4, 1984 due to petitioner's scheduled visitation on May 3, 1984. Petitioner conceded that he exercised visitation from 12:00 noon until 3:00 P.M., on May 3, 1984. We find both extensions appropriate. Since petitioner conceded at the hearing that he was "bugged out" on drugs on the morning of April 26, 1984, his placement in OBS was clearly justified *(see, Matter of Sapp v LeFevre,* 111 AD2d 483; *cf. Matter of Estades v Coughlin, supra).* The second extension to accommodate petitioner's scheduled visitation was not unreasonable, particularly since petitioner exercised these visitation rights and the hearing was expected to be lengthy. Based on the foregoing, we find that the minimal extensions at issue here did not implicate petitioner's due process rights *(see, Hewitt v Helms,* 459 US 460; *Majid v Henderson,* 533 F Supp 1257, 1272, *affd* 714 F2d 115). Since petitioner was accorded a timely hearing within the context of 7 NYCRR 251-5.1 (a) *(see, Matter of Nelson v LeFevre, supra),* the judgment of Special Term should be reversed and the petition dismissed.

Judgment reversed, on the law, without costs, and petition dismissed. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.