■ In the Matter of ROY TAYLOR, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

A Tier III Superintendent's hearing was held to adjudicate charges arising from an altercation during a previous Tier III hearing conducted at Midstate Correctional Facility on September 25, 1986, involving petitioner and five employees of the facility. The misbehavior report filed as a result of the altercation alleged that when the Hearing Officer at the prior proceeding, Captain C. A. Conners, ordered petitioner removed from the hearing room due to his "excessively loud" and belligerent behavior, petitioner "threw [a] tape recorder, just missing Captain Conners * * * and lunged toward Captain Conners". Several correction officers were required to restrain petitioner and in the process they sustained several minor injuries. Petitioner was apparently not injured. The misbehavior report was filed by Officer Louis Gisondi, one of the officers involved in the altercation. It was endorsed by the other officers involved, the stenographer witnessing the incident, as well as Conners.

Petitioner was charged with violating four State-wide prison rules *(see,* 7 NYCRR 270.1 [b] [1] [i], [v]; [3], [7]). A hearing on these charges was commenced on October 1, 1986 and was

adjourned due to time constraints, as well as an inability of Conners to testify. Three additional extensions were granted, again due to Conners' unavailability. The hearing was reconvened on October 20, 1986 and completed the following day. The eyewitnesses to the incident all verified Gisondi's report, although Conners could not say whether petitioner threw the tape recorder at him or simply shoved it. Petitioner's witnesses had not been in the hearing room during the altercation, although one witness did testify that he saw the officers choking petitioner on the floor. This claim was specifically denied by one of the officers.

At the conclusion of the hearing, petitioner was found guilty of all of the charges except one, that of disturbing the order of the facility. A penalty of six months' confinement in the special housing unit, six months' loss of privileges and six months' recommended loss of good time was imposed. Respondent Commissioner of Correctional Services affirmed the disposition and petitioner commenced the instant proceeding which Supreme Court transferred to this court pursuant to CPLR 7804 (g).

Petitioner claims that his due process rights were violated because, *inter alia,* the hearing was impermissibly delayed beyond the 14-day time period stipulated for its completion in 7 NYCRR 251-5.1 (b). This regulation, however, permits extensions "authorized by the commissioner or his designee". In the instant case, a timely request for an extension was made and renewed three times and the hearing was completed 20 days after it had begun. Additionally, effective June 15, 1983, 7 NYCRR 251-5.1 was amended and a showing of exigent circumstances to justify any delay is no longer necessary *(see, Matter of Schettino v Coughlin,* 116 AD2d 804; *Matter of Nelson v LeFevre,* 111 AD2d 456, *lv denied* 65 NY2d 611). Petitioner's argument that such a showing is required is, therefore, incorrect. It should also be noted that time limitations imposed by regulations are construed as directory and not mandatory *(Matter of Sheppard v LeFevre,* 116 AD2d 867). The Department of Correctional Services will be ousted of jurisdiction only where substantial prejudice is demonstrated *(supra).* Here the delay was authorized and reasonable, the extensions were proper and we thus conclude that the delay did not prejudice petitioner, nor did it deny him due process *(see, Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816).

Petitioner's remaining due process arguments are equally without merit. With respect to the argument that Gisondi, as

the author of the misbehavior report, was improperly present at the hearing and that he should not have operated the tape recorder, we need only note that the Hearing Officer specifically asked petitioner if he objected to Gisondi's presence, to which petitioner replied in the negative. Having failed to raise this issue at the hearing, petitioner should not now be heard to complain (see, *Matter of Humphries v Coughlin,* 112 AD2d 561; *Matter of Guzman v Coughlin,* 90 AD2d 666). Petitioner has also failed to point to any rule or regulation prohibiting the presence of an author of a misbehavior report at the ensuing hearing and there is also no evidence that Gisondi even operated the tape recorder. There is also no evidence of any conspiracy against petitioner, as he claims, and the record is completely devoid of any evidence of bias or partiality on the Hearing Officer's part.

Petitioner next claims that the failure to provide him with a rule book upon his entry to the facility constituted a violation of Correction Law § 138 (5). However, petitioner was charged with violating State-wide rules of misbehavior and the record reveals that he previously received a copy of the State-wide manual on standards of inmate behavior while he was an inmate at another facility. The manual stated that it was applicable to all State correctional facilities. Therefore, petitioner was properly subjected to discipline for a violation of these rules (see, *Matter of Davis v Coughlin,* 113 AD2d 885).

Finally, the inmate misbehavior report coupled with the testimony of respondents' witnesses constituted substantial evidence sufficient to sustain the Hearing Officer's determination.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.