■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD MacKELVEY, Respondent, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants.—In a habeas corpus proceeding, the New York State Division of Parole and the Superintendent of the Queensboro Correctional Facility appeal from a judgment of the Supreme Court, Queens County (Chetta, J.), dated January 20, 1987, which sustained the writ and vacated a parole revocation warrant.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is dismissed, the parole violation warrant is reinstated, and that the matter is remitted to the New York State Division of Parole for further proceedings.

There is no requirement in Executive Law § 259-i (3) that a parole officer must prepare a violation of release report within 30 days after a parolee reports that he has been arrested on a new charge. The regulations promulgated pursuant to Executive Law § 259-c (4) similarly contain no such requirement (see, 9 NYCRR 8000.1 et seq.). The internal guidelines established by the New York State Division of Parole are not promulgated pursuant to an express grant of legislative authority (cf., Matter of Lehman v Board of Educ., 82 AD2d 832) and do not have the force of law. We therefore disapprove of the contrary holdings expressed in People ex rel. Vallejo v New York State Bd. of Parole (130 Misc 2d 488) and People ex rel. Thompson v Wilmot (124 Misc 2d 688).

The judgment under review should therefore be reversed, the petition for a writ of habeas corpus should be dismissed, and the matter should be remitted to the New York State Division of Parole for further parole revocation proceedings. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.