■ In the Matter of JUAN BORRAS, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, made after a Superintendent's hearing, which found the petitioner guilty of violating a rule of inmate conduct and imposed a penalty consisting of (1) confinement to the special housing unit for 60 days, (2) the loss of 60 days of good behavior allowance and (3) the loss of 60 days of commissary and telephone privileges, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Nastasi, J.), entered July 7, 1987, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, an inmate at Green Haven Correctional Facility, was ordered to provide a urine sample when the odor of marihuana was detected in the vicinity of his cell. Because he refused to follow the order, he was charged with violating two rules of inmate behavior: refusal to provide a urine sample for drug-screening analysis and refusal to submit to a direct order. He was subsequently presented with an inmate misbehavior report in English. On the first day of the disciplinary hearing which followed, the Hearing Officer accepted the petitioner's claim that he could neither speak nor understand English. Accordingly, the hearing was adjourned until a translator was found to participate in the proceeding. When the

hearing reconvened, it was adjourned for a second time so that, pursuant to 7 NYCRR 254.2, a Spanish-language version of the notice of the charges could be issued to the petitioner. When the hearing was reconvened for a second time on the following day, more than 24 hours later, the Hearing Officer proceeded for the first time to address the substantive issue of the petitioner's innocence or guilt. In this regard, testimony was adduced from the petitioner and two other witnesses. At the close of testimony, the Hearing Officer found the petitioner guilty of violating both rules and imposed a penalty consisting, *inter alia,* of 60 days in special housing unit confinement.

The petitioner argues on appeal that the respondents' failure both to provide him with charges in Spanish at least 24 hours prior to the commencement of the hearing and to terminate the hearing within 14 days of the writing of the misbehavior report constituted violations of his constitutional right to due process. We disagree.

The purpose of the notice requirement is to inform an inmate of the charges and to enable him to marshal the facts and prepare a defense *(Wolff v McDonnell,* 418 US 539). Although the Spanish-language inmate behavior report was not issued prior to the technical commencement of the hearing, the record indicates that it was provided to the petitioner more than 24 hours before the substantive issue of his innocence or guilt was addressed at the hearing. Consequently, it is clear that the petitioner did have an adequate opportunity to marshal the facts and prepare his defense. The petitioner's claim that the failure of the respondents to terminate the hearing within 14 days of the writing of the misbehavior report constituted a violation of his right to due process is similarly without merit. The time limitations imposed by the regulations in question are construed as only directory and not as mandatory in nature *(see, Matter of Taylor v Coughlin,* 135 AD2d 992).

Furthermore, the petitioner's contention that it was a violation of fundamental fairness for the respondent Commissioner to modify the Hearing Officer's findings by setting aside the finding of guilt with regard to the charge of refusing to follow a direct order without also reducing the penalty imposed is not supported by any legal authority. The penalty imposed was not shocking to one's sense of fairness in the light of all the circumstances of this case *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222), and therefore may not be disturbed.

Finally, we have reviewed the petitioner's remaining con-

tentions and find that they are without merit. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.