■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LORD ORGANIC ALLAH, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—

Petitioner was sentenced in Supreme Court, Suffolk County, in 1978 to a term of from 6 to 12 years' imprisonment after having been convicted of robbery in the second degree. He was paroled on March 14, 1985, and was required to report to his parole officer every three months.

Petitioner intermittently complied with the conditions of his parole between the time of his release and December 5, 1988. On that date, he failed to report to his parole officer as instructed. He was subsequently arrested in North Carolina as a result of an alleged speeding infraction on December 24, 1988. A parole revocation warrant was issued on January 10, 1989. A preliminary hearing was held on February 22, 1989 at which it was determined that there was sufficient probable cause to believe that petitioner had failed to report to his parole officer in violation of the conditions of his parole in an important respect.

We find that petitioner's failure to report as instructed on December 5, 1988 and his continual failure to report until February 13, 1989, at which time he was arrested, and by leaving the State of New York without permission of his parole officer, constituted sufficient probable cause to conclude that petitioner had violated a condition of his parole. Such a violation is a ground for imposing sanctions. *(People ex rel. Flores v Dalsheim,* 66 AD2d 381, 385 [2d Dept 1979].)

Petitioner's second contention that he was entitled to have his parole officer submit his case to the Parole Board for consideration for discharge from parole pursuant to item 9208.02 of the Division of Parole's Policy and Procedure Manual is similarly without merit.

We find that this policy item does not have the force of law, and therefore is not properly enforceable by this court. The item in question was not issued pursuant to an express grant of authority. *(People ex rel. MacKelvey v New York State Div. of Parole,* 138 AD2d 549 [2d Dept 1988].) Further, we find that the Parole Board has complete discretion under Executive Law § 259-j to discharge a person from parole: "If the board of parole is satisfied that an absolute discharge from parole * * * is in the best interests of society, the board may grant such a discharge prior to the expiration of the full maximum term". We find that the Board's action in this case was well within this discretion. Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.