■ In the Matter of TIMOTHY SMITH, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered February 26, 1991 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prisoner at Great Meadow Correctional Facility in Washington County, was charged by misbehavior report dated September 9, 1989 with a violation of institutional rule 113.12, which prohibits the use of narcotics. It appears that a small plastic bag containing cocaine, which petitioner's wife said was his, was found in a maroon bathrobe by a correction officer during the supervision of petitioner's trailer visit on September 9, 1989. On this date petitioner was sent to an observation cell in the facility's hospital. On September 11, 1989 a hearing extension request was approved. The reason for the extension was that petitioner had been sent to observation/special watch on September 9, 1989. The request was "granted to commence hearing within 7 days of inmate's release from [observation/special watch] and completed within 14 days". The form noted that petitioner returned from Office of Mental Health satellite unit in Clinton County on September 19, 1989. Petitioner was served with the report and supporting documents on September 20, 1989 and he received assistance on September 21, 1989. The hearing was held on September 25, 1989. Petitioner was found guilty in a disposition dated September 25, 1989 and received a penalty of 90 days in the special housing unit and the loss of privileges. This disposition was administratively affirmed on November 20, 1989. Petitioner did not at any time object to a violation of the "14-day rule".

This rule stems from 7 NYCRR 251-5.1, which in relevant part provides that:

"(a) * * * the [disciplinary] hearing must be commenced as soon as is reasonably practicable following the inmate's initial confinement * * * but, in no event may it be commenced beyond seven days of said confinement without authorization of the commissioner or his designee.

"(b) The disciplinary hearing or superintendent's hearing must be completed within 14 days following the writing of the misbehavior report unless otherwise authorized by the commissioner or his designee. Where a delay is authorized, the record of the hearing should reflect the reasons for any delay or adjournment, and an inmate should ordinarily be made

aware of these reasons unless to do so would jeopardize institutional safety or correctional goals."

There is no question that the hearing was held within the time authorized by the extension and that the extension was warranted, given petitioner's placement in observation *(see, Matter of Schettino v Coughlin,* 116 AD2d 804). Respondent's discretion to approve extensions timely requested is not limited under 7 NYCRR 251-5.1 by the exigent circumstances requirement contained in the prior rule *(see, Matter of Taylor v Coughlin,* 135 AD2d 992, 993).

The only error found by Supreme Court in this proceeding was the failure to make petitioner aware of the reasons for the delay. This error, in our view, does not require that the determination be annulled. Petitioner did not raise the issue at the hearing where it could have been corrected *(see, Matter of Law v Racette,* 120 AD2d 846) thereby saving the system from an undue burden *(cf., People ex rel. Bradley v Smith,* 115 AD2d 225, *lv denied* 67 NY2d 604). Furthermore, no prejudice has been shown by petitioner due to the delay, and the requirement is not mandatory, in our view, but rather is directory only *(see, Matter of Rosado v Kuhlmann,* 164 AD2d 199, *lv denied* 77 NY2d 806). The judgment should, therefore, be reversed and the petition dismissed.

Weiss, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.