■ In the Matter of WAYNE HARGROVE, Petitioner, v

THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Determination unanimously annulled on the law and petition granted in accordance with the following Memorandum: Petitioner, an inmate at Attica Correctional Facility, was charged by a misbehavior report with violating an inmate disciplinary rule that prohibits inmates from altering, forging or counterfeiting any document. The report charged that petitioner gave the corrections counselor a document that he claimed was a certificate of his Government Equivalency Diploma (GED). The counselor examined the certificate and observed that "there were two different styles of printed numbers on it and the date of birth did not agree with our records". She contacted the New York State Education Department to request verification of the certificate's authenticity and was advised that it had no record of petitioner "having taken a GED test in New York State" and that "discrepancies on these documents make it clear * * * that this diploma as it appears now did not originate in our office".

Here, neither the counselor nor the Hearing Officer made an attempt to compare the handwriting on the GED certificate to any samples of petitioner's handwriting (cf., Matter of Thomas v Coughlin, 145 AD2d 695, 696). Because petitioner was charged with actually forging the GED certificate and not mere possession of a forged document, we conclude that the determination is lacking in evidentiary support and must be annulled (see, Matter of Bogle v Coughlin, 162 AD2d 789). Further, the sanction imposed is vacated and reference to the charge is expunged from petitioner's institutional records. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Callahan, J. P., Boomer, Lawton, Davis and Doerr, JJ.