**UNITED STATES of America, Appellee,**

v.

**Robert JOHNSON, a/k/a/ Big Rob, Appellant.**

**No. 93–3183.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 6, 1995.

Decided March 21, 1995.

Steven R. Kiersh, appointed by the court, argued the cause for the appellant.

Sima F. Sarrafan, Asst. U.S. Atty., argued the cause for the appellee. On brief were Eric H. Holder, Jr., U.S. Atty., and John R.

---

Fisher, Elizabeth Trosman and Steven J. McCool, Asst. U.S. Attys.

Before SENTELLE, HENDERSON and TATEL, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LECRAFT HENDERSON.

KAREN LECRAFT HENDERSON, Circuit Judge:

Appellant Robert Johnson raises two challenges to the sentence imposed following his convictions on one count of distribution of cocaine base and one count of distribution of cocaine base within 1000 feet of a school. He argues that the district court misapplied the sentencing guidelines by (1) enhancing his sentence for having committed the offenses while under a criminal justice sentence for a previous offense even though he was not then under active supervision by New York state parole authorities and by (2) not reducing his sentence because of diminished mental capacity. We affirm.

## I. BACKGROUND

Johnson's convictions arise from two separate sales of cocaine base. On October 29, 1992 Johnson sold 20.96 grams of cocaine base to an undercover officer of the Metropolitan Police Department (MPD) at 3933 14th Street, NW, near Powell Elementary School. On November 2, 1993, over a year later, Johnson sold 10.60 grams of cocaine base to the same officer near the same location. A jury found him guilty of two counts of distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of distribution of cocaine base within 1000 feet of a school in violation of 21 U.S.C. § 860(a). The district court had dismissed the second count of distribution of cocaine base within 1000 feet of a school before the jury's deliberations and ultimately dismissed the related count of distribution (on which the jury had rendered a guilty verdict) on the government's motion.

The presentence report recommended the addition of two points to the computation of Johnson's criminal history under the United States Sentencing Guidelines (U.S.S.G. or

guidelines) because Johnson was on parole in New York for previous offenses at the time of the cocaine sales. Johnson objected to the enhancement, arguing that he had not been under active parole supervision in 1992 or 1993. He relied on a letter he had received from the New York State Division of Parole (Parole Board) indicating that he would no longer be required to report to or contact his parole officer, nor would a parole officer contact him, after April 1, 1991. Johnson later filed a supplemental challenge to the presentence report contending that a downward departure pursuant to U.S.S.G. § 5K2.13 was warranted because he suffered significantly reduced mental capacity from post traumatic stress disorder (PTSD) resulting from the murder of his brother more than twenty years earlier.

The district court rejected both arguments at sentencing. Regarding the parole enhancement, the judge concluded that Johnson was "still under some jurisdiction of the parole authorities" warranting the enhancement. Transcript (Tr.) 16. Regarding the downward departure, the judge stated "it is essential that the court be satisfied that there was a direct connection between a conviction [sic—meaning the PTSD] ... and the precise offense involved," found no such connection and declined to depart. Tr. 39–40. Johnson was sentenced to 189 months of incarceration, eight years of supervised release and two special assessments of fifty dollars each.

## II. DISCUSSION

### A. Parole

The guidelines require a sentencing court to add two points to a defendant's criminal history calculation if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). According to the Commentary, "active supervision is not required for this item to apply." U.S.S.G. § 4A1.1(d) application note 4. Johnson argues that he was no longer under a "criminal justice sentence" at the time of his offenses because the Parole Board's decision not to supervise him

was equivalent to a discharge of his parole. We disagree.

New York law provides that the Parole Board can provide an "absolute discharge from parole," which is the statutory equivalent of a termination of the underlying sentence, if an offender has completed three years of unrevoked parole and the Board determines that discharge is warranted "in the best interests of society." N.Y.Exec.Law § 259–j (McKinney 1993).[1] The Parole Board has "complete discretion" to determine whether to grant such relief, *People ex rel. Allah v. New York State Bd. of Parole*, 158 A.D.2d 328, 551 N.Y.S.2d 16, 17 (1990), but did not in fact discharge Johnson's parole. Without that action, he remained in the legal custody of New York authorities at the time of the instant offenses notwithstanding their decision not to supervise him actively. *See Carmona v. Ward*, 439 U.S. 1091, 1098, 99 S.Ct. 874, 878–79, 59 L.Ed.2d 58 (1979) (Marshall, J., dissenting from denial of certiorari) ("Unless the parolee receives an absolute discharge, he remains in the legal custody of the State [of New York] for the maximum term of his sentence and may be reincarcerated for violating any of the conditions which normally attach to the grant of parole.")[2] Accordingly, the enhancement was proper.

B. *Mental Capacity*

 We will not review the decision of a sentencing judge not to provide a downward departure in sentencing a defendant absent a mistake of law or an incorrect application of the sentencing guidelines. *United States v. Ortez*, 902 F.2d 61, 63 (D.C.Cir.1990); *United States v. Pinnick*, 47 F.3d 434, 439 (D.C.Cir.

1. The New York law provides in relevant part: If the board of parole is satisfied that an absolute discharge from parole or from conditional release is in the best interests of society, the board may grant such a discharge prior to the expiration of the full maximum term to any person who has been on unrevoked parole or conditional release for at least three consecutive years. A discharge granted under this section shall constitute a termination of the sentence with respect to which it was granted.

2. The Parole Board notified Johnson that if he were convicted of a new felony by a New York court "the amount of time from the date of the

1995). The district court committed no such error here.

 The relevant guideline provides:

If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity ... a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

U.S.S.G. § 5K2.13. Johnson asserts that the district court misapplied section 5K2.13 by requiring him to show that his diminished capacity was the "sole cause" of the offense and not merely a contributing factor. However, the judge indicated only that there must be a "direct connection" between Johnson's PTSD and the offense and in no way indicated that the PTSD must be the "sole cause" of his conduct. The court's requirement of a "direct connection" was no more than a restatement of the express guideline language that reduced mental capacity must have "contributed to the commission of the offense." Such a finding is necessary because a defendant might otherwise assert perpetual eligibility for a downward departure for even repeat offenses merely by securing a diagnosis of PTSD. There was thus no misunderstanding or misapplication of the guidelines warranting review.[3]

For the foregoing reasons, the judgment of the district court is

*Affirmed.*

offense that led to your new conviction to your current maximum sentence date will be added to the maximum term of your new sentence." Appellee's R. Material at Tab D.

3. Johnson also raised an equal protection challenge to the sentencing guidelines for cocaine base offenses but conceded in his brief that the court's then-pending opinion in *United States v. Thomas*, D.C.Cir. No. 93–3153, would control the issue. The court subsequently rejected an argument similar to Johnson's in a case consolidated with *Thomas*. *See United States v. Johnson*, 40 F.3d 436 (D.C.Cir.1994).