■ In the Matter of MELVIN FELIX, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. [627 NYS2d 805] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A misbehavior report dated November 30, 1993 charged petitioner with violating prison disciplinary rules prohibiting lying and counterfeiting or forgery of a facility document. While the hearing concerning said charges was scheduled to commence on December 6, 1993, an extension was granted since petitioner was transported to a hospital on the date of the scheduled hearing. It therefore began on December 8, 1993, eight days after petitioner's initial confinement. On that date, petitioner pleaded not guilty to the charge of counterfeiting or forgery and guilty to the charge of lying. Upon the completion of the hearing, petitioner was found guilty of lying based upon his plea and guilty of the charge of counterfeiting or forgery based upon both the testimonial and documentary evidence.

Petitioner commenced this proceeding to challenge the determination.

Our review of the record does not reveal any evidentiary support for the Hearing Officer's determination on the charge of counterfeiting or forgery of a facility document in violation of prison disciplinary rule 116.12 (7 NYCRR 270.2 [B] [17] [iii] [116.12]). Rather, as petitioner correctly contends, if he were to be charged at all, he should have been charged with a violation of the prison disciplinary rule which prohibits possession of an authorized item that has been altered (see, 7 NYCRR 270.2 [B] [14] [ii] [113.11]). Since there is not a scintilla of evidence indicating an alteration, forgery or counterfeiting of a facility document as charged (see, Matter of Bogle v Coughlin, 162 AD2d 789; Matter of Hargrove v Coughlin, 188 AD2d 1061), the determination of guilt on this charge must be annulled. Accordingly, the sanction imposed thereon must be vacated and reference to the charge expunged since such sanction was based solely upon the finding of counterfeiting or forgery and not as a result of petitioner's admission to the charge of lying.

As to the alleged failure of the hearing to have been timely commenced pursuant to 7 NYCRR 251-5.1, we disagree. Petitioner was brought to a hospital outside of the facility on the date that the hearing was scheduled to begin and thus we find the adjournment appropriate and commenced in a manner that can be considered "reasonably practicable" (Matter of Schettino v Coughlin, 116 AD2d 804, 805; see, Matter of Lugo v Coughlin, 182 AD2d 920).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating prison disciplinary rule 116.12; sanction imposed vacated and respondent is directed to expunge all references thereto from petitioner's institutional records; and, as so modified, confirmed.