■ In the Matter of PETER GRAZIANO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents. [633 NYS2d 232] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, *inter alia*, review a determination of respondent Commissioner of Cor-

rectional Services which found petitioner guilty of violating a prison disciplinary rule.

At all times relevant to this proceeding, petitioner was incarcerated at Shawangunk Correctional Facility in Ulster County and employed as an inmate law clerk. In October 1993, petitioner was assigned to provide legal assistance to a fellow inmate who had been charged with violating certain disciplinary rules. After the inmate in question was found guilty, petitioner drafted a Freedom of Information Law (hereinafter FOIL) request in the inmate's name and obtained a copy of the tape of the disciplinary hearing to assist in the preparation of the inmate's administrative appeal. On November 15, 1993, as petitioner was returning the tape and other materials to the inmate, a correction officer confiscated the tape and charged petitioner with violating prison disciplinary rule 113.15, which prohibits inmates from purchasing, selling, loaning, giving or exchanging personally owned articles without authorization (*see,* 7 NYCRR 270.2 [B] [14] [vi]).

The central issue at the hearing that followed was whether there was a policy prohibiting inmate law clerks from possessing and reviewing the tapes of other inmates' disciplinary hearings. In this regard, the record contains a November 17, 1993 memorandum from Paul Levine, the facility's Deputy Superintendent for Programs, advising that inmate law clerks would not be permitted to possess disciplinary hearing tapes belonging to other inmates. Similarly, the facility's Law Library Supervisor testified at petitioner's subsequent disciplinary hearing that he recently had been advised by the Director of Libraries for the Department of Correctional Services that such a practice was not to be permitted. After petitioner was found guilty and his administrative appeal was denied, he filed a grievance seeking rescission of the policy expressed in Levine's November 17, 1993 memorandum. Petitioner's grievance ultimately was denied and this proceeding, challenging both the determination finding him guilty of violating rule 113.15 and the denial of his grievance, ensued.

Initially respondents concede, as they must, that the determination finding petitioner guilty of violating rule 113.15 is not supported by substantial evidence. As a starting point, the rule violation with which petitioner was charged does not appear to be applicable to the circumstances present here. Additionally, it is readily apparent that no policy governing the possession of tapes by inmate law clerks was in place at the time the misbehavior report was issued on November 15, 1993, and it is equally apparent that the policy as expressed in Le-

vine's November 17, 1993 memorandum formed the basis for the finding of guilt at the hearing. Accordingly, the determination must be annulled and all references to the underlying charge and proceeding must be expunged from petitioner's institutional record (*see generally*, *Matter of Felix v Coughlin*, 216 AD2d 654).

Turning to the grievance, petitioner argues on review that the underlying policy is both unconstitutional and irrational and, further, violates certain provisions of FOIL. We will address each of these claims separately.

The crux of petitioner's constitutional challenge is that by precluding an inmate law clerk from reviewing a particular inmate's disciplinary tape, respondents have frustrated that inmate's efforts to identify and raise legal issues at either the administrative level or in the context of a CPLR article 78 proceeding and, ultimately, have impermissibly infringed upon that inmate's right to access to the courts (*see generally*, *Bounds v Smith*, 430 US 817). Assuming, without deciding, that the right to access is implicated in an administrative disciplinary proceeding, respondents' policy plainly does not implicate any of petitioner's constitutional rights, and in order for this Court to find that petitioner has standing to raise this claim on behalf of his fellow inmates, petitioner would need to establish the very element necessary to find a prima facie constitutional violation in the first instance—namely, that the imposition of respondents' policy rendered the assistance provided to inmates so woefully inadequate as to constitute no assistance at all and, further, that no reasonable alternatives exist to assist inmates in the preparation of any appeals or proceedings (*cf.*, *Johnson v Avery*, 393 US 483). No such showing has been made on this record.

With respect to petitioner's claim that respondents' policy simply is irrational, although we agree that petitioner indeed would possess standing to assert such a claim under the circumstances present here, we note that the stated grounds for petitioner's grievance were two-fold: first, that the policy was unconstitutional in that it infringed upon the right to access to the courts possessed by his fellow inmates and, second, that the policy violated unspecified provisions of FOIL. Hence, petitioner's argument on review—that a policy that permits an inmate to obtain and review tape recordings of his or her own disciplinary hearing but precludes the inmate law clerk assigned to that inmate from doing the same is utterly irrational—was not raised at the administrative level. Accordingly, we are precluded from addressing the merits of this

claim on review (*see generally, Matter of Mercedes v Senkowski*, 163 AD2d 705, 706).

Finally, with respect to petitioner's claim that respondents' policy violates certain unspecified provisions of FOIL, although the record reflects that petitioner did file a FOIL request for the relevant disciplinary tape in the name of the inmate whom he had been assigned to assist, there is no indication that petitioner subsequently applied for and was denied access to that inmate's tape under his own name. Accordingly, petitioner failed to exhaust his administrative remedies in this regard (*see generally, Moussa v State of New York*, 91 AD2d 863).

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination, insofar as it found petitioner guilty of violating a prison disciplinary rule, is annulled, without costs, and petition granted to the extent that respondents are directed to expunge all references to the charge and the proceedings from petitioner's institutional records. Adjudged that the determination, insofar as it denied petitioner's grievance, is confirmed, without costs, and petition dismissed to the extent that it sought relief from this determination.