■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM BRADLEY, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously modified by converting the proceeding to one under CPLR article 78 and, as modified, affirmed. Memorandum: Since habeas corpus is not the appropriate remedy in the circumstances, we convert the proceeding to one under CPLR article 78 seeking review of a determination made at a Tier III superintendent's hearing *(see,* CPLR 103 [c]). Petitioner contends that the hearing officer erred in denying him the opportunity to be present during the testimony of his witnesses.

The regulations promulgated by the Commissioner of the Department of Correctional Services provide that "Any witness shall be allowed to testify at the hearing in the presence of the inmate unless the hearing officer determines that so doing will jeopardize institutional safety or correctional goals" (7 NYCRR 254.5 [b]). Upon making such a determination the hearing officer is required to give to the inmate a reason for the exclusion of his witnesses from the hearing *(Matter of Garcia v LeFevre,* 64 NY2d 1001). Obviously the reason given may not be the product of whim or caprice and must be relevant to the determination.

Here it was determined by the hearing officer that institutional safety and correctional goals would be jeopardized if the witnesses testified in the presence of petitioner. The reason given to petitioner was as follows: "Due to the isolated location of SHU [Special Housing Unit] and the limited amount of staff available in the event of a problem it would be a threat to security to allow an inmate brought into SHU from another area." We find that the reason given related directly to the hearing officer's determination. There was, therefore, compliance with the applicable regulation *(cf. Matter of Garcia v LeFevre, supra).* There is no requirement in the Commissioner's regulations that the record contain evidence in support of the reason given for the exclusion of petitioner's witnesses. To impose that further obligation upon those charged with preserving order and safety in the State's prisons would unduly burden an already overburdened internal disciplinary system *(see, Matter of Semper v Smith,* 66 NY2d 130). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.— habeas corpus.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.