■ In the Matter of JOHN BENNETT, Petitioner, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Correctional Services finding that petitioner violated certain disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility, was served with an inmate misbehavior report charging him with having violated various institutional rules, arising out of an incident in which a purchase order signed by him for the ostensible purpose of purchasing a "tape" was actually used as a means of making payment to the relative of another inmate who had previously introduced drugs into the facility. At a Superintendent's hearing, petitioner was found guilty and a penalty of 120 days' keeplock and loss of privileges was imposed. On appeal, the Departmental Review Board modified the initial determination and dismissed one of the charges.

Petitioner urges annulment on the grounds that he was not given proper notice of the charges and that the determination was not supported by substantial evidence. We find these contentions to be without merit. Petitioner was served with a misbehavior report which listed the violations not only by rule number, but by description. It also stated that the charges arose out of his illegal transaction with one Madeline Serrano which constituted an attempt to introduce drugs into the facility. The purchase order signed by petitioner, was attached. This was "fair and adequately detailed notice" *(Matter of McCleary v LeFevre,* 98 AD2d 866, 868) sufficient to inform petitioner of the charges and enable him to prepare a defense. It was, therefore, consistent with due process *(see, Wolff v McDonnell,* 418 US 539, 564) as well as statutory requirements (7 NYCRR 251-3.1).

Petitioner's challenge to the sufficiency of the evidence is equally unpersuasive. Sergeant Robert S. Ball testified to his investigation of the incident and described the information he

had received by three reliable informants who implicated petitioner in the drug smuggling scheme. Since a disclosure of the informants' identities would have jeopardized their safety as well as institutional security, there were sufficient grounds for maintaining confidentiality (see, Wolff v McDonnell, supra, pp 566-569; Matter of Fediuk v Coughlin, 106 AD2d 834, 835; Matter of Guzman v Coughlin, 90 AD2d 666). Petitioner did not in any way contradict the foregoing evidence. When confronted with the proof against him, he stated, "I can't dispute what you're saying * * * Concerning what type of sentence you're thinking about * * * it seems like a lot to lose college after I've worked my ass off for a $10 indiscretion". In light of the foregoing, it cannot be said that the administrative finding was not supported by substantial evidence (see, Matter of Fediuk v Coughlin, supra, p 835).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.