OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In Matter of Garcia v LeFevre (64 NY2d 1001), we held that because inmate Garcia was not given any reason for the hearing officer’s decision not to allow his witnesses to testify in his presence at the Tier III disciplinary hearing, the determination violated the Commissioner’s own regulations and was, therefore, irrational. Here, unlike in Garcia, the petitioner was provided with a form which indicated that, because both he and all his witnesses were Special Housing Unit inmates, the witnesses would not be allowed to testify in the presence of the accused because to do so would "jeopardize institutional safety or correctional goals” (7 NYCRR 254.5 [b]). After petitioner commenced this article 78 proceeding, the disciplinary report cards of petitioner and the inmate witnesses documenting the assaultive and dangerous propensities of both the inmate and his witnesses were attached to respondent’s answer.
The better practice, and one which should be followed in the future, would be for prison officials, before closing the hearing, to document their reasons for conducting the testimony of the inmate’s witnesses outside the presence of the inmate on the administrative record so that the inmate may evaluate them before commencing proceedings for judicial review. One of the important purposes of documentation, however, is to satisfy the court of the validity and reasonableness of the order of exclusion and that it is not a mere after the fact rationalization. Inasmuch as the inmate and witness report cards in this case amply demonstrated that fact, the prison officials’ determination should be upheld.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., JJ., concur.
On review of submissions pursuant to section 500.4 of the *910 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs, in a memorandum.