■ In the Matter of MICHAEL TRACEY, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating a prison disciplinary rule (7 NYCRR 270.1 [a]) in that he threw and hit a person with an object. Petitioner had been accused of spraying a fellow inmate with a caustic liquid substance which caused him to sustain injuries. He was given a penalty of 60 days in the special housing unit, 20 days of which were suspended.

Petitioner contends in this proceeding that his due process rights were violated in that the Superintendent's hearing was

not conducted in a timely manner. We disagree. The hearing was conducted within the required time frame set forth in 7 NYCRR 251-5.1, that is, it was commenced within seven days after petitioner was confined in the special housing unit as a result of the filing of a misbehavior report. The misbehavior report was written on November 30, 1984 and the hearing was commenced six days later on December 6, 1984.

Petitioner also urges that the hearing officer's finding of guilt was not supported by substantial evidence. We find this contention totally untenable. Petitioner admitted at the hearing that he squirted a fellow inmate with a water and urine solution. This, plus the testimony of the victim, was adequate to support the finding of guilt.

Further, petitioner contends that he was denied his due process right to confront inmate witnesses in the Superintendent's hearing. We find no merit to this contention. The hearing officer denied petitioner's request to personally question these witnesses, made late in the hearing, on the ground that petitioner was housed in the special housing unit and prison policy was to disallow the presence of such an inmate while other inmates were testifying against him. The hearing officer adequately articulated the reasons for excluding petitioner in accordance with the requirements of 7 NYCRR 254.5 (b) (see, Matter of Cortez v Coughlin, 67 NY2d 907; People ex rel. Bradley v Smith, 115 AD2d 225).

Petitioner's other contentions concerning the denial of due process are without merit and we deem it unnecessary to comment thereon. Petitioner was accorded a fair and thorough hearing and no violation of his due process rights occurred.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.