■ In the Matter of ROBERT D. LONSKI, on Behalf of JEROME ADAMS et al., Respondents, v THOMAS A. COUGHLIN, III, as Commissioner of Department of Correctional Services, et al., Appellants.—Determination unanimously confirmed and petition dismissed; order and judgment entered December 30, 1985 unanimously affirmed; and appeal from order entered May 9,

1986 unanimously dismissed. Memorandum: The Hearing Officers' determinations that petitioners Adams, Baxter, Shaw, Stallings and Wiggins violated rule 104.10 (7 NYCRR 270.1 [b] [5] [i]) are supported by substantial evidence *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139), and the penalties imposed for violations by those petitioners and petitioners Brown and Carroll were not excessive *(see, Cooper v Morin,* 49 NY2d 69, 82, *rearg denied* 49 NY2d 801, *cert denied* 446 US 984). We agree with Supreme Court that the Hearing Officer's decision to interview Lieutenant Block, the watch commander, out of the presence of petitioners Alim and Mu'Min was not shown to be rationally based, and the court properly vacated those hearings *(see, Matter of Buckhannon v Kelly,* 124 AD2d 984; *People ex rel. Bradley v Smith,* 115 AD2d 225, *lv denied* 67 NY2d 604). The reason given by the Hearing Officer for denying copresence was that Block was on duty as watch commander, yet the record shows that he was interviewed during his hours on duty in that capacity. Respondents' appeal from denial of their motion to renew must be dismissed for failure to obtain the necessary leave to appeal (CPLR 5701 [b] [1]). We have examined petitioners' remaining argument and find it without merit. (Article 78 proceeding transferred by order and judgment of Supreme Court, Wyoming County, Dadd, J., and appeals from order and judgment of Supreme Court, Wyoming County, Dadd, J.) Present—Doerr, J. P., Denman, Green, Pine and Balio, JJ.