■ In the Matter of JEFF SINCLAIR, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Departmental Review Board of the New York State Department of Correctional Services, dated January 16, 1984, which affirmed determinations made after a Superintendent's proceeding, finding the petitioner guilty of certain misconduct and imposing disciplinary sanctions against him.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The Superintendent's hearing was conducted in accordance with the minimum requirements of due process (see, Wolff v McDonnell, 418 US 539) and was in accord with the regulations promulgated by the Commissioner of the Department of Correctional Services. We do not find that the procedure employed, to which the petitioner raised no objection, of having two inmate witnesses testify over the telephone violated those regulations which entitle an inmate to have witnesses testify in his presence (7 NYCRR 254.5 [b]; cf., Matter of Garcia v LeFevre, 64 NY2d 1001). Unlike Garcia, where the witness was interviewed outside the presence of the inmate who was then provided a tape recording of the interview, in the instant proceeding the petitioner was present while the Hearing Officer questioned the witnesses over the telephone and was afforded an opportunity to pose questions to them

himself. Since these witnesses were at the time incarcerated in another facility a great distance from the facility where petitioner was incarcerated and where the hearing was conducted, the rationale for utilizing this procedure, although not stated on the record at the time, was obvious and entirely reasonable (see, Matter of Cortez v Coughlin, 67 NY2d 907). Further, upon a review of the record, we are satisfied that the determination is supported by substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.