■ In the Matter of ALBERT JACKSON, Appellant, v THOMAS A. COUGHLIN, III, et al., Respondents. (Proceeding No. 1.) In the Matter of ALBERT JACKSON, Appellant, v THOMAS A. COUGHLIN, III, et al., Respondents. (Proceeding No. 2.) In the

Matter of ALBERT JACKSON, Appellant, v THOMAS A. COUGH-
LIN, III, et al., Respondents. (Proceeding No. 3.)—In three
proceedings pursuant to CPLR article 78 to review determina-
tions made after superintendent's hearings, which were
affirmed by the respondent commissioner, finding the peti-
tioner guilty of misbehavior and imposing penalties, the peti-
tioner appeals from three judgments of the Supreme Court,
Dutchess County (Beisner, J.), dated October 25, 1985, October
28, 1985 and October 31, 1985, respectively, which dismissed
the respective proceedings.

Ordered that the judgments are affirmed, without costs or
disbursements.

We have reviewed the record and find no support for the
petitioner's claims of procedural irregularities in the conduct
of the superintendent's hearings which resulted in findings of
guilt of multiple charges of misbehavior, and the imposition of
penalties. The petitioner was duly served with formal charges
(see, 7 NYCRR 251-3.1, 254.3; Matter of Bennett v LeFevre, 115
AD2d 141), and the hearings were, in each case, timely (see, 7
NYCRR 251-5.1; Matter of Tracey v Coughlin, 122 AD2d 459;
Matter of Newman v Coughlin, 110 AD2d 981; People ex rel.
De Fulmer v Scully, 110 AD2d 671, appeal dismissed 65 NY2d
925; Matter of Estades v Coughlin, 101 AD2d 299). Further-
more, the petitioner was duly afforded the opportunity to
select employee assistants from an established list (see, 7
NYCRR 251-4.1 [a]), and, where he did select an assistant, the
assistant performed his function by meeting with the peti-
tioner and explaining the charges to him, and by interviewing
his witnesses (see, 7 NYCRR 251-4.2; Matter of Boyd v Cough-
lin, 105 AD2d 532; cf., People ex rel. Selcov v Coughlin, 98
AD2d 733). In the one instance where the petitioner did not
receive assistance, the record supports the hearing officer's
determination that the petitioner validly waived his right by
intentionally selecting as his assistant the very correction
officer who had filed the misbehavior report against him, and
then refusing to make an alternative choice (cf., Matter of
Johnakin v Racette, 111 AD2d 579). The petitioner was not
deprived of the right to call witnesses on his behalf (see, 7
NYCRR 254.5 [a]) and, in those instances where, for reasons of
security, the witnesses were not permitted to testify in his
presence, he was served with an adequate written statement
of reasons and was afforded the opportunity to hear · tape
recordings of their testimony (see, 7 NYCRR 254.5 [b]; Matter
of Cortez v Coughlin, 67 NY2d 907; Matter of Garcia v Le-
Fevre, 64 NY2d 1001; People ex rel. Bradley v Smith, 115

AD2d 225, *appeal denied* 67 NY2d 604). In each instance, the determination of the hearing officer was supported by substantial evidence *(see, Matter of Perez v Wilmot,* 67 NY2d 615; *People ex rel. Vega v Smith,* 66 NY2d 130; *Matter of Sanders v Coughlin,* 119 AD2d 943), and petitioner was duly served with a written statement of the evidence relied upon by the hearing officer in making his determination and the reason for the penalty imposed *(see,* 7 NYCRR 253.7 [c]; *Matter of Gross v Henderson,* 79 AD2d 1086, *appeal denied* 53 NY2d 605; *cf., Matter of Mallard v Dalsheim,* 97 AD2d 545). Finally, the petitioner's appeals to the commissioner were timely decided *(see,* 7 NYCRR 254.8).

We have considered petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.