◼ In the Matter of JOHN HODGES, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination by the respondents dated July 14, 1986, that petitioner had violated various prison rules, the petitioner appeals from (1) an order of the Supreme Court, Dutchess County (Rosato, J.), entered February 17, 1987, which rejected all but one of the petitioner's claims, and (2) a judgment of the same court (Donovan, J.), entered May 29, 1987, which rejected the petitioner's remaining claim and dismissed the proceeding.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the order is vacated, and the matter is remitted to the respondents for a new hearing in accordance herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Initially, we find that the petitioner's due process rights were not violated because his Tier III disciplinary hearing was delayed beyond the time period required under 7 NYCRR 251-5.1 (b). That regulation provides that the hearing "must be completed within 14 days following the writing of the misbehavior report unless otherwise authorized by the commissioner or his designee".

Here, the misbehavior report charging the petitioner with assault and refusal of a direct order was written on June 27, 1986. A two-day extension was granted in order to provide a Correction Counselor an opportunity to assist the petitioner at the hearing. The hearing was concluded on July 14, 1986, the date set in a second extension. As the delay was authorized by

the New York State Department of Correctional Services, partly as the result of the petitioner's request for assistance, and did not prejudice the petitioner, it cannot be said that the petitioner was denied due process of law *(see, Matter of Taylor v Coughlin,* 135 AD2d 992). The fact that the extension form contained no date or signature does not require a different result. No issue with respect to the extensions was raised during the hearing and it was clear that the Department of Correctional Services in Albany authorized the extensions.

We find, however, that reversal and a new hearing is warranted for other reasons.

During the hearing, the petitioner had requested that a "Use of Force Report" prepared by the correction officer involved in the incident be introduced into evidence. The Hearing Officer denied the petitioner's request, stating that he saw no reason to produce the report.

Pursuant to 7 NYCRR 254.6 (c), the petitioner had the right to submit relevant documentary evidence or written statements on his own behalf. Clearly, the "Use of Force Report" prepared in connection with the incident under scrutiny should have been provided to the petitioner so as to enable him to prepare a defense. Under the circumstances herein, we conclude that the respondents impermissibly denied the petitioner his right to submit evidence in violation of their own regulations *(see,* 7 NYCRR 254.6 [c]).

Finally, we find that the petitioner was denied his right to a fair and impartial hearing. During the hearing, the petitioner observed that the Hearing Officer had before him a written and signed determination of the petitioner's guilt and the punishment to be imposed. The Hearing Officer acknowledged that he had already reached a decision but could reevaluate his final decision based upon any evidence produced at the hearing. Such a predetermination of the petitioner's guilt, prior to the conclusion of the hearing and the introduction of all the evidence was a patent violation of the petitioner's rights and the regulations of the New York State Department of Correctional Services *(see, Matter of Burke v Coughlin,* 97 AD2d 862). Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.