■ In the Matter of RONNIE BERNACET, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was served with a misbehavior report dated September 30, 1987. It charged petitioner with violating the Penal Law, assault, possession of a weapon and fighting, based on his having allegedly assaulted a fellow inmate with a weapon. A hearing was held, after which the Hearing Officer found petitioner guilty as charged and imposed certain penalties. Respondent Commissioner of Correctional Services modified this determination by dismissing all of the charges except the assault charge. No change in the penalties was made. Petitioner then commenced this proceeding which was transferred to this court pursuant to CPLR 7804 (g).

Initially, petitioner contends that there was not substantial evidence to support the Hearing Officer's decision. Petitioner further argues that if there was no substantial evidence to sustain the charges which the Commissioner dismissed, then the assault charge could not be supported by substantial evidence. However, the weapons and fighting charges were not dismissed for lack of substantial evidence. The fighting and Penal Law charges were dismissed for being redundant with the assault charge, and the weapons charge was dismissed because it did not apply as written.

The Hearing Officer's decision was also supported by substantial evidence. The misbehavior report was written by the correction officer who witnessed the incident, it described the incident with sufficient specificity, was written on the same day as the incident and was signed by the correction officer *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 140). The report alone constituted sufficient evidence *(see, supra).*

Furthermore, the misbehavior report was accompanied by the testimony of the correction officer who authored it and

who was an eyewitness to the incident *(see, Matter of De Torres v Coughlin,* 135 AD2d 1068, 1069-1070, *lv denied* 72 NY2d 801). Other correctional officers also testified and, contrary to petitioner's claim, we find no inconsistencies in their testimony. In any event, the alleged inconsistencies do not warrant a finding of lack of substantial evidence *(see, Matter of Hickman v Coughlin,* 115 AD2d 105, 106). Additionally, the contrary testimony presented by petitioner and the other inmates testifying on his behalf simply posed an issue of credibility for the Hearing Officer to resolve *(see, Matter of De Torres v Coughlin,* 135 AD2d 1068, 1070, *supra).* Therefore, the determination was supported by substantial evidence.

We also reject petitioner's argument that the hearing was not timely held under 7 NYCRR 251-5.1 and that his due process rights were violated. The hearing was required to commence within seven days of petitioner's confinement to the special housing unit (hereinafter SHU) on September 30, 1987 (7 NYCRR 251-5.1 [a]). Here, the hearing was commenced on October 5, 1987, although it was adjourned until the next day, because petitioner had just met with his employee assistant. The record clearly indicates that the hearing began on October 6, 1987, when the misbehavior report was read into the record and petitioner pleaded not guilty. Therefore, the seven-day requirement was satisfied *(see, Matter of Tracey v Coughlin,* 122 AD2d 459, 460).

It is also required that the hearing conclude within 14 days following the writing of the misbehavior report unless otherwise authorized by the Commissioner or his designee (7 NYCRR 251-5.1 [b]). Although the hearing here was not concluded until October 22, 1987, and therefore went beyond the time limitation, the Hearing Officer received a timely extension that was renewed three times. Further, petitioner was informed of each extension and the reasons therefor. They were granted to provide testimony and information requested at the hearing by petitioner, to accommodate the Hearing Officer's schedule and in response to a disturbance in the SHU. As such, petitioner was neither prejudiced nor denied due process *(see, Matter of Hodges v Scully,* 141 AD2d 729). We also note that the time limitations are directory only *(see, Matter of Taylor v Coughlin,* 135 AD2d 992, 993). Petitioner's further claim that he did not receive information requested from his employee assistant is rejected insofar as the record fails to indicate that such requests were made.

We also reject petitioner's claim that he received inadequate employee assistance. While he argues that he was not permit-

ted to choose his employee assistant in violation of 7 NYCRR 251-4.1 (a) (2), he signed the assistant selection form choosing his assistant, and he should not now be heard to complain about his previous relationship with an assistant whom he clearly chose (see, Matter of Jackson v Coughlin, 129 AD2d 639, 640). There is also no indication that petitioner ever requested his assistant to interview certain correction officers. In any event, since this issue was not raised at the hearing, he waived it (see, Matter of Humphries v Coughlin, 112 AD2d 561). We also find no support for his claim that he requested his assistant to provide him with certain documents. Additionally, petitioner received all the documents he requested at the hearing, and he was permitted to interview all the correction officers he wanted to call at the hearing; thus, he was able to present an adequate defense with no denial of his due process rights (see, Matter of Prince v Kelly, 134 AD2d 854).

There was also no error in the Hearing Officer's decision to take the inmates' testimony outside of petitioner's presence. Petitioner was in SHU and, as noted by the Hearing Officer, bringing the inmates there would threaten security (see, Matter of Cortez v Coughlin, 67 NY2d 907, 909). Furthermore, petitioner heard the tapes of the interviews and was permitted to provide the Hearing Officer with his own questions (see, Matter of Jackson v Coughlin, 129 AD2d 639, 640, supra). While the Hearing Officer did not show the victim a picture of petitioner as petitioner had requested, the Hearing Officer sufficiently explained this failure by noting that the victim had stated that he could not identify anyone (cf., Matter of Martin v Coughlin, 90 AD2d 946).

We also find no merit to petitioner's contention that the Hearing Officer failed to marshal the evidence. To the contrary, the Hearing Officer clearly set forth the facts upon which he relied to reach his decision and the reasons for the penalties imposed (see, 7 NYCRR 254.7 [c]). We have reviewed petitioner's remaining contentions and find them lacking in merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.