■ In the Matter of S., Petitioner, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County), to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After reviewing all of petitioner's contentions regarding procedural irregularities, only a few warrant any discussion. The misbehavior report, while not mentioning by name the other parties involved, contained enough specifics, including a description of the alleged violations by petitioner and the approximate time of their occurrence, as to sufficiently inform petitioner of the charges against him so as to allow him to prepare a defense *(see, Matter of Vogelsang v Coombe,* 105 AD2d 913, 914, *affd* 66 NY2d 835; *Matter of Bennett v Le-Fevre,* 115 AD2d 141). Equally without merit are petitioner's contentions of inadequate employee assistance and denial of witnesses. Not only did the employee assistant do all that was possible with respect to a certain relevant witness, but the

Hearing Officer's decision to conclude the hearing without that witness did not deny petitioner any due process rights in that reasonable and substantial efforts were made both before and throughout the hearing to locate the witness *(see, Matter of Law v Racette,* 120 AD2d 846, 848). Finally, we find that the testimony by the woman who participated in the smuggling scheme with petitioner, the documentary evidence and the testimony by the Deputy Inspector General, which properly included hearsay testimony, all provided substantial evidence to support the determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139; *Matter of De Torres v Coughlin,* 135 AD2d 1068, 1070, *lv denied* 72 NY2d 801).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.