■ In the Matter of JAH BUNNY, Also Known as HUBERT A. STEWART, Petitioner, v DONALD SELSKY, as Director of Special Housing of the Department of Correctional Services, Respondent. [596 NYS2d 584] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating prison disciplinary rules prohibiting violent conduct, harassment, assault on staff, interference with an employee, creating a disturbance and refusing a direct order. In his *pro se* petition, petitioner apparently contends that the determination is not supported by substantial evidence, the Hearing Officer was biased and the Hearing Officer failed to consider certain documents. The three misbehavior reports state that petitioner, while being escorted by correction officers, became abusive and failed to obey orders to be quiet, and instead fought with the officers. These reports by correction officers who witnessed and were involved in the incident, as well as confirmatory testimony by the author of one of the

reports provide substantial evidence to support the determination of guilt *(see, Matter of Bernacet v Coughlin,* 145 AD2d 802, *lv denied* 74 NY2d 603). Further, there is no evidence in the record of any bias on the part of the Hearing Officer requiring annulment *(see, Matter of Nieves v Coughlin,* 157 AD2d 943, 944). Finally, we find no merit in petitioner's contention that the Hearing Officer failed to consider internal memoranda of the incident that petitioner asserted supported his defense that he could not have assaulted the officers because he was in full restraints. The record indicates that the Hearing Officer did consider these reports but found them ambiguous and relied upon the testimony of a correction officer who had written one of the reports that petitioner was in handcuffs but not leg restraints.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.