■ In the Matter of JASON B. NICHOLAS, Petitioner, v DOMINIC J. MANTELLO, as Superintendent of Coxsackie Correc-

tional Facility, et al., Respondents. [606 NYS2d 102] —Cardona, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

In April 1992, petitioner was an inmate at Coxsackie Correctional Facility in Greene County. In an inmate misbehavior report dated April 20, 1992, Correction Officer H.J. Granderath accused petitioner of violating prison disciplinary rules 107.11 (7 NYCRR 270.2 [B] [8] [ii]; prohibiting verbal harassment) and 102.10 (7 NYCRR 270.2 [B] [3] [i]; prohibiting threats).

On April 21, 1992, petitioner was served with the misbehavior report outlining the charges and requested inmate assistance. On April 24, 1992, petitioner appeared before the Hearing Officer and the misbehavior report was read into the record. Petitioner pleaded not guilty to both charges and the proceeding was adjourned because petitioner had not received the assistance he requested. Between April 24, 1992 and May 8, 1992, prison officials applied for, and received, two time extensions from their central office. On May 8, 1992 the proceeding continued, testimony was taken and petitioner was found guilty of both charges. Petitioner was sentenced to 25 days in keeplock and 30 days' loss of commissary, telephone and package privileges. On administrative appeal the determination was affirmed. Petitioner commenced this CPLR article 78 proceeding seeking annulment.

Although petitioner raises several contentions, we need only address one as it is determinative. The record supports petitioner's argument that he was denied a fair and impartial hearing by the Hearing Officer in that his guilt was predetermined. First, the disciplinary hearing disposition (hereinafter the disposition) prepared by the Hearing Officer was signed and dated April 24, 1992 even though no evidence was received until May 8, 1992. Moreover, at the May 8, 1992 hearing, the Hearing Officer inaccurately stated that petitioner had an extensive disciplinary history and petitioner immediately brought the mistake to the Hearing Officer's attention. Although the Hearing Officer acknowledged that the extensive record belonged to another inmate, the disposition still included this inaccurate reference. Finally, the disbursement request form submitted to debit petitioner's inmate account for the applicable $5 surcharge is inexplicably dated April 20, 1992, prior to the commencement of the hearing.

Thus, the record shows that the Hearing Officer impermissibly determined petitioner's guilt prior to the conclusion of the hearing *(see, Matter of Hodges v Scully,* 141 AD2d 729, 730).

Weiss, P. J., White, Mahoney and Casey, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.