*324 OPINION OF THE COURT
David Demarest, J.
This is a special proceeding pursuant to CPLR article 78 in which the petitioner seeks a review of a decision of a Hearing Officer, rendered after a small claims assessment review proceeding. Pursuant to title 1-A of article 7 of the Real Property Tax Law, petitioner sought a review of the assessment of property owned by her and her husband and located in the Town of Hammond, St. Lawrence County. It was her contention that the assessment was unequal and excessive.
A hearing was held before Hearing Officer James M. Gaffney, Jr. on September 30, 1994 and it is the conduct of this hearing which petitioner alleges was arbitrary, unfair, capricious and in violation of procedural due process.
FACTS
Petitioner’s factual account of the hearing is not controverted by respondent. Upon arrival at the hearing site, petitioner observed the Hearing Officer and Town Assessor engaged in conversation and reviewing tax maps which depicted petitioner’s property along with several neighboring parcels. This map had been annotated by the Assessor with figures showing the assessed valuation for each of the properties, together with computation of the assessment based upon the amount of frontage of the property along the St. Lawrence River.
Petitioner offered to the Hearing Officer an appraisal of her property which she had prepared by a certified appraiser. The Hearing Officer refused to accept the appraisal telling her that it was "just someone else’s opinion of the value”. He also opined the fact that the property was entirely within a designated wetland did not have any impact on value.
When petitioner attempted to present proof as to the assessment of other similar properties, the Hearing Officer told her he was "not interested in those numbers”.
Finally, the Hearing Officer questioned petitioner about possible animosity between her and the current Assessor since she, an incumbent, had been defeated by him in the previous election for that post.
No proof was offered by the Town to the Hearing Officer in the presence of petitioner, although his written decision references evidence of adjacent homes and their average assessment per riverfront foot.
*325 APPLICABLE LAW
The small claims assessment review procedure was designed to provide inexpensive and expedited review for the assessments of one-, two- or three-family residences. (RPTL 730.) Petitioners need not be represented by attorneys, nor present expert testimony. (RPTL 732 [2].) Hearing Officers are appointed by the Chief Administrator of the Courts and need not be attorneys, but must be knowledgeable in real property assessment and valuation and the laws governing assessments. (RPTL 731 [1].)
Hearings must be: "conducted on an informal basis in such manner as to do substantial justice between the parties according to the rules of substantive law * * * All statements and presentation of evidence made at the hearing by either party shall be made or presented to the hearing officer who shall assure that decorum is maintained at the hearing.” (RPTL 732 [2].)
All parties are required to appear at the hearing. (RPTL 732 [3].) The decision of the Hearing Officer "shall state the findings of fact and the evidence upon which it is based.” (RPTL 733 [4].)
DISCUSSION
Applying these statutory standards to a review of the hearing held in this case leads to the conclusion that the determination was made in violation of lawful procedure and was arbitrary and capricious. (CPLR 7803 [3].) By taking proof from the respondent prior to the arrival of petitioner, the Hearing Officer violated RPTL 732 (3) requiring all parties to be present and RPTL 732 (2) requiring presentation of evidence to the officer and maintaining decorum. The failure of the Hearing Officer to even consider the written proof offered by petitioner is further evidence that there was a predetermination and that petitioner’s rights were violated. (Matter of Hodges v Scully, 141 AD2d 729 [2d Dept 1988].)
DECISION
It is therefore the decision of this court and it is hereby ordered that the determination made on October 12, 1994 bearing calendar number 34-94 is hereby annulled and petitioner is granted a new hearing to be conducted forthwith. The Clerk of the Court is directed to restore this matter to the small claims assessment review calendar for assignment to a Hearing Officer.