■ In the Matter of CHRISTOPHER SHAPARD, Appellant, v PHILIP COOMBE, as Commissioner of the Department of Correction Services, et al., Respondents. [667 NYS2d 98] —Mercure, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered December 12, 1996 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Southport Correctional Facility in Chemung County, was found guilty of violating various prison disciplinary rules, including assaulting a staff member, refusing a direct order, engaging in violent conduct and damaging property, as charged in a misbehavior report. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the determination on several grounds. Supreme Court, finding the arguments advanced by petitioner to be without merit, dismissed the petition. This appeal by petitioner ensued.

We reject petitioner's contention that he was denied his right to employee assistance. The assistance selection form, signed by petitioner, explains that in the event the inmate does not select three assistants, and the assistant selected is unavailable, the inmate waives his right to an assistant. Although it was explained to petitioner that the assistant he chose may be unavailable due to his direct involvement in the incident (the assistant chosen authored the misbehavior report), petitioner

declined to select another assistant. Under these circumstances, we find that petitioner waived his right to assistance by failing to avail himself of the opportunity to choose an alternative employee assistant from the general list that he was provided (*see, Matter of Dawes v Coughlin*, 176 AD2d 415, *lv denied* 79 NY2d 751; *Matter of Brown v Coughlin*, 165 AD2d 935, 936; *Matter of Jackson v Coughlin*, 129 AD2d 639, 640).

Likewise, we find no merit to petitioner's contention that the Hearing Officer improperly denied his request to call various inmate witnesses inasmuch as petitioner failed to establish that the proposed witnesses would offer any nonredundant or material information to that evidence and testimony already received (*see, Matter of Flynn v Coombe*, 239 AD2d 725, 726; *Matter of Cowart v Pico*, 213 AD2d 853, 855, *lv denied* 85 NY2d 812; *but see, Matter of Fox v Dalsheim*, 112 AD2d 368).

Contrary to petitioner's contention, we find that the hearing was conducted in a timely manner (*see*, 7 NYCRR 251-5.1 [a], [b]). The record establishes that valid extensions of the hearing were granted in order to present witnesses requested by petitioner and that the hearing was timely concluded on December 19, 1995. Furthermore, our review of the record discloses that the Hearing Officer conducted the hearing in a fair and impartial manner. Petitioner's remaining contentions have been reviewed and are either unpreserved for our review or found to be lacking in merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.