■ In the Matter of Brandon Holmes, Appellant, v Michael McGinnis, as Superintendent of Southport Correctional Facility, et al., Respondents. [684 NYS2d 665] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered June 26, 1997 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of assault on staff and two charges of destruction of property in violation of various prison disciplinary rules. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the administrative determination on the ground that he was denied employee assistance and the right to present a defense. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner refused to select an employee assistant from the established list provided to him (*see*, 7 NYCRR 251-4.1 [b]), contending that because the available assistants were employees of the correction facility an inherent conflict of interest existed in light of the charge of assault on a staff member. The record is absent of any evidence that the officer assistants were involved in or investigated the incident which resulted in the misbehavior report. Furthermore, petitioner declined the Hearing Officer's offer of assistance at the commencement of the disciplinary hearing. Under these circumstances, we find that by failing to avail himself of the opportunity to select an assistant when given the opportunity to do so, petitioner waived his right to employee assistance (*see, Matter of Shap-*

*ard v Coombe*, 245 AD2d 982; *Matter of Barnhill v Coombe*, 239 AD2d 719).

Cardona, P. J., Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.