■ In the Matter of SHAWN CORNWALL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [733 NYS2d 317] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rule that prohibits possession of a weapon. We find that the misbehavior report relating that during a random pat frisk a razor-type weapon was found secreted in the zipper area of petitioner's pants, combined with corroborating hearing testimony, provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966).* To the extent that petitioner asserts that the correction officers who testified at the hearing were lying, this created a credibility issue for the Hearing Officer to resolve (*see, Matter of Pabon v Senkowski*, 279 AD2d 683).

---

* Although the record refers to the testimony of the correction officer who authored the misbehavior report, it does not appear in the record. In any event, the remaining testimony at the hearing supports the determination of guilt.

Turning to petitioner's procedural objections, we find that the record belies petitioner's assertion that the misbehavior report was not properly endorsed (*see*, 7 NYCRR 251-3.1 [b]). We are also unpersuaded by petitioner's contention that he was denied the right to present witnesses. The record fails to establish that the proposed witnesses would have offered non-redundant or material information regarding the pat frisk leading to the discovery of the weapon (*see*, *Matter of Shapard v Coombe*, 245 AD2d 982, 983).

Finally, petitioner's claim of Hearing Officer bias is without merit. Although the Hearing Officer referred to petitioner's guilt of possessing gang-related material in determining the penalty imposed, we do not find such reference to be indicative of bias. In any event, petitioner failed to establish that the outcome of the hearing flowed from any alleged bias (*see*, *Matter of Nicholas v Schriver*, 259 AD2d 863). Petitioner's remaining contentions, including whether the hearing extensions were properly authorized and whether the penalty imposed was excessive, have been reviewed and found to be without merit.

Cardona, P. J., Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.