■ In the Matter of JONATHAN JOHNSON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [747 NYS2d 604] —Mercure, J.

On September 21, 2000, petitioner, an inmate at Southport Correctional Facility in Chemung County, was charged in a misbehavior report with refusing a direct order and harassment. Following a tier II disciplinary hearing held on September 26, 2000, petitioner was found guilty of both charges and the determination was affirmed upon administrative appeal. Also on September 26, 2000, petitioner was charged in four misbehavior reports with attempted assault, making threats, violent conduct, refusing a direct order, harassment and altering state property. Following a tier III disciplinary hearing held on October 10 and 13, 2000, petitioner was found guilty of all the charges. On October 20, 2000, petitioner was again charged in a misbehavior report, this time with making threats and harassment, and was found guilty of both charges after a tier III disciplinary hearing commencing on October 24, 2000. Upon administrative appeal the penalty was modified, reducing the time in the special housing unit to 180 days. Petitioner commenced this proceeding pursuant to CPLR article 78 challenging all three disciplinary determinations. Supreme Court dismissed the petition and this appeal ensued.

Initially, we reject petitioner's contention that his petition raised a substantial evidence question that should have been transferred to this Court. Our reading of the petition discloses that petitioner challenged the disciplinary determinations on procedural grounds only. Therefore, as the substantial evidence issue was not raised before Supreme Court, we decline to address it (*see Matter of Izquierdo v Goord*, 275 AD2d 494, 495, *appeal dismissed* 95 NY2d 930, *lv denied* 96 NY2d 704).

Turning to the procedural issues, petitioner claims that he was improperly removed from the September 26, 2000 hearing. However, the record establishes that when the Hearing Officer adjourned the hearing in order to locate witnesses, petitioner became unruly and disruptive. Under these circumstances, we conclude that the Hearing Officer properly excluded petitioner from the remainder of the hearing (*see Matter of Beckles v*

*Selsky*, 273 AD2d 584, 585, *lv denied* 95 NY2d 764; *Matter of Dumpson v McGinnis*, 247 AD2d 804; *Matter of Joyce v Goord*, 246 AD2d 926, 927-928). Petitioner further argues that it was improper for the Hearing Officer to deny his request to call a specific correction officer as a witness. As the record supports the Hearing Officer's conclusion that testimony from that officer would be irrelevant because he was not present at the time of the incident, we find no error in the denial of petitioner's request (*see Matter of Beckles v Selsky, supra* at 585; *Matter of Greene v Coombe*, 238 AD2d 813, 814, *lv denied* 91 NY2d 801).

Next, petitioner contends that he did not receive copies of the relevant misbehavior reports at least 24 hours prior to the October 10, 2000 hearing as required by regulations. However, petitioner signed a "Tier Assistance Selection Form" on September 27, 2000, which clearly stated that he had received copies of the reports, and petitioner's employee assistant submitted a memorandum stating that petitioner told her that "he had sent his papers away to the courts" and no longer had them. Therefore, we are unpersuaded that petitioner did not receive copies of the reports in advance of the hearing as required. In any event, the Hearing Officer provided petitioner with copies of the reports and adjourned the hearing to provide him an opportunity to review them, thereby curing any possible defect in notice.

Similarly, petitioner's contention that the hearing was not timely commenced is without merit. Pursuant to 7 NYCRR 251-5.1 (b), a hearing must be completed "within 14 days following the writing of the misbehavior report." In this instance, the hearing was commenced on the 14th day, after which valid extensions were granted. Under these circumstances, we find no unlawful delay (*see Matter of Mason v Goord*, 271 AD2d 779, 780; *Matter of Carini v Goord*, 270 AD2d 663, 664; *Matter of Stokes v Goord*, 254 AD2d 558, 558, *lv denied* 92 NY2d 819). In any event, the time limitations imposed by the regulations are directory and not mandatory (*see Matter of Taylor v Coughlin*, 135 AD2d 992, 993). We also reject petitioner's contention that the determination cannot stand because he did not receive a copy of the determination within 24 hours of the conclusion of the hearing. Petitioner was not present to receive the determination because he refused to attend the hearing, and it was sent to him through interdepartmental mail. Petitioner has failed to demonstrate any prejudice resulting from this slight delay (*see Matter of Davis v Bennett*, 256 AD2d 791, 791; *Matter of Sheppard v LeFevre*, 116 AD2d 867, 868).

With regard to the October 24, 2000 hearing, petitioner's as-

sertion that the date on the misbehavior report was incorrect raised a credibility issue that was properly resolved by the Hearing Officer (*see Matter of Burr v Goord*, 284 AD2d 881, 882; *Matter of Bell v Leary*, 275 AD2d 834). Furthermore, we reject petitioner's claim that he was denied employee assistance, as he waived that right (*see Matter of Holmes v McGinnis*, 257 AD2d 911, 911, *appeal dismissed and lv denied* 93 NY2d 906; *Matter of Shapard v Coombe*, 245 AD2d 982, 982-983). Nor do we find any merit to petitioner's contention that the Hearing Officer was biased. Our examination of the record reveals that the hearing was conducted in an impartial manner (*see Matter of Tumminia v Senkowski*, 290 AD2d 902, 903; *Matter of Tebout v Goord*, 290 AD2d 833, 833), and petitioner has not demonstrated that "the outcome of the hearing flowed from any such bias" (*Matter of Tebout v Goord, supra* at 833).

Finally, we find petitioner's claim that he was denied documentary evidence to be equally meritless, as the only evidence he requested was a videotape which, according to the record, did not exist.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.