■ In the Matter of RASHEEM S. HARRIS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [883 NYS2d 737]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was being processed into a special housing unit for an unrelated offense when a search of his property revealed a small plastic package hidden in a bottle of saline solution. After the contents of the package were tested and determined to be amphetamines, petitioner was charged in a misbehavior report with possessing narcotics and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Petitioner's contentions regarding the chain of custody and the manner in which the contraband was tested are unavailing. Indeed, the author of the misbehavior report testified that, upon discovering the contraband, he informed his supervisor and was directed to have the material analyzed. He immediately brought the contraband to a certified drug analysis tester and remained in the room while the tests were performed. The certified drug analysis tester, meanwhile, stated that he adhered to proper procedure while conducting NIK tests "A" and "U" to confirm that the recovered substances were amphetamines. Upon receiving such confirmation, the author of the misbehavior report placed the contraband into an evidence locker. Such testimony, considered in conjunction with the test request form and the contraband test procedure form, sufficiently established that there was an unbroken chain of custody and that proper drug testing procedures were employed (*see Matter of Otero v Selsky*, 9 AD3d 631, 632 [2004]). Moreover, the foregoing and the misbehavior report constitute substantial evidence supporting respondent's determination that petitioner is guilty of the charges (*see Matter of Dunn v Selsky*, 7 AD3d 938, 939 [2004]).

We likewise reject petitioner's assertion that he was denied an employee assistant of his choosing. Petitioner was offered the opportunity to make three selections from a general list of employee assistants but refused to do so, selecting only one. Thus, petitioner waived his right to challenge the assignment of another assistant when the employee he chose became unavailable (*see Matter of Shapard v Coombe*, 245 AD2d 982, 983 [1997]). Petitioner's remaining contentions have been reviewed and are determined to be without merit.

Peters, J.P., Kane, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.