■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL GONZALEZ, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J.), rendered May 16, 1989, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him as a predicate felony offender to a term of imprisonment of from 6 years to life, is unanimously affirmed.

Defendant was arrested on April 24, 1987 for selling cocaine to an undercover police officer, and, by indictment filed on May 22, 1987, on which he was arraigned on May 27, 1987, charged with criminal sale and possession of a controlled substance in the first degree. On July 8, 1988, defendant moved to dismiss the indictment on statutory and constitu-

tional speedy trial grounds, which motion was summarily denied on August 2, 1988. On January 4, 1989, defendant pled guilty to criminal possession of a controlled substance in the second degree. On appeal defendant argues that the court should have held a hearing on the constitutional branch of his motion, which, as distinguished from the statutory branch, survived his guilty plea *(People v Friscia,* 51 NY2d 845).

We find that the motion papers before the court raised no issue of fact on a material point requiring such a hearing *(see, People v Gruden,* 42 NY2d 214, 215). Defendant's claim that his defense was prejudiced by the length of his incarceration is unsubstantiated. Under the standards set forth in *People v Taranovich* (37 NY2d 442), there was no violation of defendant's constitutional right to a speedy trial. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.