Judgment of the Supreme Court, New York County (Jerome Hornblass, J., at plea and sentence; James Leff, J., at speedy trial [CPL 30.20] motion), rendered June 12, 1989, convicting defendant on his plea of guilty of murder in the second degree, and sentencing him to an indeterminate term of 20 years to life, to be served concurrently with a sentence imposed in the Federal court, unanimously affirmed.
The sole argument raised on appeal is that the defendant, who fled to the Virgin Islands shortly after the commission of the crime for which he stands convicted, was denied his constitutional right to a speedy trial, as distinguished from any claim of a statutory speedy trial violation, which was waived by defendant’s plea of guilty. (People v Friscia, 51 NY2d 845.)
Defendant was arrested on separate murder charges in the Virgin Islands, pleaded guilty, and was eventually lodged in a Federal detention facility in Terre Haute, Indiana, from which he was eventually returned to New York. Of those periods which defendant claims should be counted against the People, *306 we find that only a period of 18 months, during which defendant was made available by Federal authorities but no efforts were made to secure defendant’s return, should be charged to the People. Although the People’s excuse, which amounted to nothing more than that the trial assistant was engaged in other matters, was insubstantial, it is apparent that the delay was inadvertent, and was not designed to gain a tactical advantage over the defendant (see, People v Johnson, 38 NY2d 271). Further, the reason for the delay is but one of the five factors set forth in People v Taranovich (37 NY2d 442). While the length of the delay was extensive (see, People v Moore, 47 NY2d 872 [18½-month delay warranting dismissal of the indictment]; but see, People v Nocerino, 159 AD2d 358, lv denied 76 NY2d 740 [20-month pre-indictment delay does not per se warrant dismissal]), defendant would have been incarcerated in any event, and the charge against him, that of murder, is the most grave offense recognized at law. Nor has defendant substantiated his claim of prejudice arising from the delay (People v Gonzalez, 177 AD2d 418). Under these circumstances, we conclude that defendant’s constitutional right to a speedy trial was not violated. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Rubin, JJ.