■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. QUDDOOS FARRAD and Others, Appellant, v CATHERINE ABATE, as Correction Commissioner of the City of New York, et al., Respondents. [621 NYS2d 841] —Judgment, Supreme Court, Bronx County (John Collins, J.), entered May 5, 1993, which denied petitioner's application for an order declaring unconstitutional a new telephone system to be implemented in petitioner's place of incarceration that allegedly limits inmates to one free telephone call a day in violation of their right to counsel, and other related relief, unanimously affirmed, without costs.

Petitioner's application was properly denied for failure to specify any instances where an alleged abridgment of his free telephone access to the courts or counsel caused him injury or prejudice *(see, People v Hendy,* 159 AD2d 250, *lv denied* 76 NY2d 736; *cf; Bell v Wolfish,* 441 US 520). Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RODRIGUEZ, Appellant. [620 NYS2d 951] —Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered January 11, 1993, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The trial court properly denied, without a hearing, defendant's motion to dismiss the indictments for violation of his constitutional right to a speedy trial (CPL 30.20), given motion papers that did not raise any issue of fact on a material point, and it properly applied the standards set forth in *People v Taranovich* (37 NY2d 442) in finding that there was no violation of defendant's constitutional right to speedy trial *(see, People v Gonzalez,* 177 AD2d 418). We have considered defendant's remaining claim and find it to be without merit. Concur —Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.