■ In the Matter of MICHAEL GRAZIADEI, Appellant, v CLINTON CORRECTIONAL FACILITY et al., Respondents. [681 NYS2d 800] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 5, 1998 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's grievance.

Petitioner, an inmate housed in the Assessment Program Preparation Unit (APPU) at Clinton Correctional Facility in Clinton County, commenced this CPLR article 78 proceeding challenging the denial of a grievance he filed claiming that he was being denied meaningful access to an unmonitored telephone to speak with his attorney. The APPU, an alternative to protective custody housing, is a special unit for "victim prone" inmates who must be segregated from the general inmate population but who nevertheless receive almost all of the same services and programs to the extent that they can be scheduled around the activities of the general population. Both APPU and general population inmates have access to their attorneys through mail, visits and the free access telephone program. The hours allotted to APPU inmates for use of the free access telephone program are 6:00 P.M. to 8:00 P.M. on weekdays, with limited hours on weekends. In denying the grievance, respondents cited, *inter alia*, security concerns and the necessity that free access calls for APPU inmates not conflict with the times allotted to the general inmate population and also mealtimes. Supreme Court dismissed the petition and we affirm.

We find that respondents' denial of the grievance was neither arbitrary nor capricious given the legitimate security interest involved (*see, Matter of Abdul-Matiyn v Commissioner of State of N. Y. Dept. of Correctional Servs.*, 252 AD2d 754). Although petitioner claims that the system currently in place violates inmates' attorney-client privileges, he presents nothing to contradict respondents' proof that these telephone calls are unmonitored. Assuming, arguendo, that petitioner properly raised a constitutional issue related to inmates' right of access to the courts, we note that petitioner has failed "to specify any instances where an alleged abridgment of his free telephone access to the courts or counsel caused him injury or prejudice" (*People ex rel. Farrad v Abate*, 210 AD2d 104). While petitioner's telephone privileges are limited, these restrictions are permissible since APPU inmates have other avenues of access (*see, Bellamy v McMickens*, 692 F Supp 205, 214). Petitioner's remaining arguments have been examined and found to be without merit.

Cardona, P. J., Mikoll, Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.