■ In the Matter of ALEJANDRO IZQUIERDO, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [711 NYS2d 874] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Kavanaugh, J.), entered June 16, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding him guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, commenced this CPLR article 78

proceeding challenging an administrative determination finding him guilty of interfering with an employee, creating a disturbance and failing to comply with a disciplinary disposition.* The charges stem from an incident wherein petitioner questioned a correction officer's refusal to issue a restroom pass during inmate movement and created a disturbance when the correction officer directed petitioner to leave because his presence in the law library was prohibited by a prior disciplinary disposition. Supreme Court rejected petitioner's arguments seeking annulment of the determination and dismissed the petition, prompting this appeal.

Initially, petitioner's contention that the determination of guilt is not supported by substantial evidence was neither raised in the petition nor addressed by Supreme Court and, therefore, we decline to address it (see, Matter of Budget Tire v Jackson, 235 AD2d 975). Moreover, we reject petitioner's argument that his presence in the law library was not a recreational activity that was prohibited by the prior disposition. The facility operations manual specifically provides that an inmate on loss of recreation may only access the law library under the call-out system, a procedure which petitioner failed to follow here. Finally, we are not persuaded that the reasonable restriction placed upon petitioner's access to the law library as the result of the prior disposition violated petitioner's constitutional right to access the court system or the law library (see generally, Matter of Graziadei v Clinton Correctional Facility, 256 AD2d 697, 698; Matter of Graziano v Coughlin, 221 AD2d 684, 686).

We have examined petitioner's remaining arguments and conclude that they are unpreserved for our review or without merit.

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner was also charged with but found not guilty of failing to promptly comply with an order of facility personnel.